No. 45.—MATTHEW ORR, plaintiff in error, *vs.* REUBEN BROWN, *et al.* defendants.

[1.] Where a purchaser of a tract of land at sheriff's sale, refused to comply with the terms of the sale, and the same was resold for less money, a Court of Equity will not entertain jurisdiction to compel a specific performance by the purchaser of the sale, at the instance of the defendant in execution, but will leave him to his remedy, provided by the Act of 1831.

[2.] Where a bill seeks to set aside a sheriff's sale, on the ground of fraud by the purchaser, and to enjoin the sheriff from making a title to him, some *specific fraudulent conduct* on the part of the purchaser must be charged; it is not sufficient to make a *general* allegation of fraud, but the bill must allege

the *particular* acts or declarations of the defendant, which are relied on to constitute the fraud.

In Equity, Pike Superior Court—application for injunction before Judge FLOYD, at Chambers, 1848.

This was a Bill in Equity, for relief and injunction, presented to his Honor, Judge Floyd, at Chambers, for his sanction, and which he refused, on the ground that the case made by the bill did not entitle the complainant to the injunction prayed, to which the complainant excepted.

The material allegations of the bill are as follows:

That the complainant was in possession of certain premises in the county of Pike, for which an action of ejectment was instituted, which was compromised, and a verdict by consent taken for the plaintiff in ejectment, for all of said premises, lying north of Solomon Street, in the city of Griffin, and for two acres south of that street, the complainant being allowed to retain the balance of the lot, consisting of one hundred acres, more or less, for the benefit of certain of his creditors, and a deed was thereupon executed by the Attorney at Law of the plaintiff in ejectment, to Pinckney B. Cox, reciting said proceeding and consent in the action of ejectment, and relinquishing for his client, as far as he legally might, to said Cox the title to the premises, for the payment of the *complainant's debts as sheriff*, together with *the debt he owed said Cox*, or for which Cox was liable for him, for the purposes of first selling the same, and paying off said official debts, and those due said Cox, or those for which he might be liable, and if any balance left, the same to go to the complainant. Cox entered upon the discharge of the trust created by said deed, the premises being surrendered up to him for that purpose. In pursuance of the trust, Cox afterwards entered into an agreement with George Prothro, for the sale of a portion of said premises for the sum of $1200, the titles to be perfected by sale of the same under an execution in favour of Reuben Brown, one of the defendants in error, against the complainant as principal, and his securities on his bond, as sheriff; that the same was accordingly put up to sale under said execution, and was bid off for Prothro, by Cox as his attorney, at said price of $1200; that Prothro declined and refused to pay the bid or to take the sheriff's deed, but that Prothro is still willing to comply, if the sale hereinafter mentioned should be set aside.

Prothro having failed to pay his said bid, the sheriff re-advertised the premises, and again offered the same for sale; when said Reuben Brown, taking advantage of the absence of the complainant, which was occasioned by sickness, and with full knowledge of the facts stated, caused said premises containing the dwelling house of the complainant, and which was of the value of $1500, to be re-sold under said execution, and by reason of the facts aforesaid, and of *doubts* thrown upon the title by said Brown, and at his instigation, the same were knocked off to said Brown at the nominal sum of $500, being $1000 less than the actual market value thereof, and $700 less than the price agreed to be paid by Prothro.

That if said sale is permitted to stand, complainant will be wholly unable to pay his debts, &c.

That Brown is proceeding to obtain a deed from the sheriff, and will do so unless prevented. The complainant offers to refund to Brown his bid of *$500.*

The bill prays a decree setting aside the sale to Brown, and if that cannot be done, then he prays for a *specific performance* of the terms of the sheriff's sale by Prothro the purchaser, as set forth in the complainant's bill.

HUNTER & WILSON, for plaintiff in error.

KING & HARMAN, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.

The object of the complainant's bill is, to enjoin the sheriff of Pike county, from making a title to the premises purchased by Brown, one of the defendants, at a sheriff's sale, and to set the same aside; and if that cannot be done, then the complainant prays, that the terms of the contract consummated, as he alleges, by the first sheriff's sale to Prothro, may be specifically performed. Prothro, as the record shews, bid off the land for the sum of $1200 00, at the first sheriff's sale, but refused to comply with the terms of the sale, and the land was subsequently re-sold, and purchased by Brown, the plaintiff in execution, for the sum of five hundred dollars.

[1.] To so much of the bill as prays a specific performance of the first sheriff's sale by Prothro, it is a sufficient answer to say, that the Act of 19th Dec., 1831, provides an ample and adequate

remedy for the complainant.   By that Act, it is declared,  " that any individual who may become the  purchaser of any  real or personal estate, at any sale which shall hereafter be made at public outcry, by any executor, administrator, guardian or sheriff, and shall fail, or refuse  to comply with the terms of such sale, when required so to do, shall be  liable for the  amount of such purchase money, and it shall be  at the option  of such executor, administrator, guardian or sheriff,  either  to proceed against such purchaser, for the full amount of the purchase money, or to resell such real or personal estate, and then to proceed against the first purchaser, for the deficiency arising from  such re-sale;  and in case of sheriff's sales, such suit may be brought in the name of the sheriff, for the use of the defendant, or plaintiff, in execution, or any other person in interest, as the  case may be."   The second section of the Act provides, that no note,  or memorandum in writing, shall be necessary to  charge the  purchaser at such sale.   *Prince Dig.* 471.

[2.] With regard to the charge of fraud, made by the complainant, for the purpose of setting aside the last sheriff's sale, it is true, there is a *general allegation* in  the bill, that the sale was fraudulent,  but by *whom* the fraud was committed, or what *particular acts of fraud* were perpetrated, the record is silent.   It is not sufficient to give a Court of Equity jurisdiction, much less to authorise it to interpose its strong arm  of injunction,  by making a *general charge of fraud* against a defendant.   The complainant should state *specific facts*, that the Court may be enabled to judge whether the same constitute fraud.   *Story's Eq. Plead.* 211, *section* 251.

The only charge which implicates Brown, the purchaser at sheriff's sale, is that he  " threw  doubts upon the title of the defendant in execution."   What did  he do at the sale?   Did he make *false* representations as to the  defendant's title,  or did he state *the truth* in regard to it?   There is no  *issuable fact*, charged by the complainant, in relation to the conduct of Brown at the sale.   How could he come prepared at the trial, to prove he did not throw doubts upon the title, unless the complainant had alleged what particular acts were done, or  declarations made by him, at the sale, which had the effect to cast doubts upon the title. We forbear to express any opinion as to the validity of the title of the defendant in  execution, as shewn by the  exhibits to the

complainant's bill, as we are all of the opinion, the judgment of the Court below was properly exercised, in refusing to grant the injunction. Let the judgment of the Court below be affirmed.