MARY E. PRIMROSE, plaintiff in error, vs. JOHN S. BROWNING, defendant in error.

| 59 | 69 |
| 86 | 398 |
| 87 | 587 |
| 59 | 69 |
| 92 | 792 |
| 59 | 69 |
| 103 | 636 |
| 59 | 69 |
| d111 | 864 |

1. Where an execution against the husband was levied on certain property which was claimed by the wife, and plaintiff showed that at the time of the levy the husband and wife were living together in the house,

and on the lot levied on, and that the sheriff served the notice of the levy on the husband as being in possession, a non-suit was properly refused.

2. That the court, after the argument of the motion for a non-suit, recalled the sheriff, and drew from him the fact as to the person upon whom he served the notice of levy, and directed him to amend his entry accordingly, was not error.

3. The refusal of the court to allow a traverse of the amended entry to be made an issue for separate trial, was not error.

4. Whether the husband was insolvent at the time he made the voluntary conveyance of property to his wife, or whether such conveyance was made with the intention to delay or defraud his creditors, and whether such intention was known to the party taking, were all questions for the jury, under the evidence and a proper charge.

Claim. Levy and sale. Husband and wife. Practice in the Superior Court. Amendment. Debtor and creditor. Fraudulent conveyance. Before Judge Pottle. Richmond Superior Court. April Term, 1877.

Reported in the decision.

H. Clay Foster, for plaintiff in error.

Barnes & Cumming, for defendant.

Warner, Chief Justice.

This was a claim case, on the trial of which the jury, under the charge of the court, found the property subject to the plaintiff's *fi. fa.* levied thereon. The claimant made a motion for a new trial on the several grounds therein stated, which was overruled, and the claimant excepted. It appears from the record and bill of exceptions, that the plaintiff, at the trial, introduced the sheriff as a witness to prove that the defendant in the *fi. fa.* was in possession of the property at the time of the levy. The sheriff stated that the defendant was living in the house, and that the claimant, who was his wife, was also living in it. The plaintiff closed his evidence, and the claimant made a motion for a non-suit; and after argument had for and against

the motion, the court called the witness back to the stand, and asked him upon whom he served the notice of the levy as being in possession? The sheriff said he served the notice on the defendant. Thereupon the court instructed the sheriff to so amend his return as to make that fact appear, to which claimant objected, and when his objections were overruled, tendered a traverse of said amended entry by the sheriff, and asked that said issue be tried separately by the jury; this the court refused, but said that said traverse might be tried with the other issues in the case—the court holding that the evidence for the plaintiff was sufficient to cast the burden of proving title to the property on the claimant. The action of the court, as hereinbefore recited, is one of the errors complained of in the claimant's motion for a new trial.

1. There was no error in overruling the claimant's motion for a non-suit. The possession of the property by the defendant in *fi. fa.* at the time of the levy thereon by the sheriff, was sufficient to cast the burden of proving title to the property in the claimant, notwithstanding the claimant was the wife of the defendant, and living in the house with him. In this state the husband is the head of the family, and the wife is subject to him. Code, §1753.

2, 3. Although the subsequent action of the court was unnecessary to make out a *prima facie* case for the plaintiff in *fi. fa.*, still, there was nothing objectionable in its action, in view of the facts, which would authorize this court to interfere and control its discretion in conducting the trial of the case before it. See the latter part of the opinion in *Moore & Co. vs. Cameron*, 12th *Ga. Rep.*, 266.

4. Whether the defendant, Primrose, was insolvent or not when he made the voluntary conveyance of his property to his wife, as set forth in the record, or whether that conveyance was made with intention to delay or defraud his creditors, and such intention known to the party taking, were questions of fact, to be determined by the jury from the evidence, under the charge of the court as to the law ap-

plicable thereto. The court charged the jury as follows:
" This case arises upon a levy and claim—the *fi. fa.* levied
is for $3,000—no objection is made to it, it has been levied
on two lots of land as the property of P. H. Primrose—the
wife of defendant claims this property. The court has
merely decided when the plaintiff closed, that he had made
out a *prima facie* case of title in the defendant, so as to
shift the burden of proof on the claimant to show title.
The claimant has put in evidence a deed from her husband
to her, conveying certain property, also a deed from Shew-
make, assignee of M. O'Dowd, to her. She contends
that the property bought of Shewmake was the prop-
erty levied on, and was bought with the proceeds of the
property conveyed by her husband to her. Plaintiff says
this title is bad for two reasons : 1. It was made to delay
or defraud creditors. 2. That it was a voluntary convey-
ance, not for a valuable consideration, and made by Prim-
rose when he was insolvent.

Here paragraphs two and three of section 1952 of the
Code, were read. The burden of proof is on the plain-
tiff to show that the claimant's title is bad. It is
for you to say whether the proof shows that. If
you believe that the deed from Primrose to his wife was
made with the intention to delay or defraud his creditors,
and such intention was known to the party taking it, it is
void against plaintiff. Fraud is never presumed—it must
be proven; it may be proven by circumstances. You may
look to the deed itself to see if it contains any internal evi-
dence of such intention. A valuable consideration is for
money, or other things of value. A good consideration is
for love and affection. Was Primrose insolvent at the time
he made the deed to his wife? If, when he made it, he owed
more than he had property or means to pay, he was an in-
solvent man. When he put his name to O'Dowd's paper as
an indorser, he became a debtor to the holder of that paper,
as much so as the maker or security, though the maker is
primarily liable to pay the debt. If he was legally liable as

indorser or otherwise for more than he had means to pay, he was insolvent. If you find that the claimant's title is bad, for either of the reasons given, you will find the property subject. If you find the title was good, you will find the property not subject. Whether or not this deed was made with the intention to delay or defraud creditors is ex clusively a question of fact for you, also whether Primrose was, or not, insolvent at the time."

We find no error in the charge of the court to the jury, in view of the evidence contained in the record, and that evidence being quite sufficient to support the verdict, the motion for a new trial was properly overruled. Let the judgment of the court below be affirmed.