## LINDSEY *vs.* LINDSEY.

1. There being no material error in the charge of the court in regard to imbecility of mind in the grantor, and undue influence exerted upon him by the grantee, and the evidence being sufficient to support the verdict of the jury on that point, there was no error in refusing to set aside the verdict and grant a new trial on the assignments of error which relate to those points.
2. If the consideration of the deed, which was the maintenance and support of the grantor for life by the grantee, has not been performed by the grantee in any respect, the remedy is by action at law for damages, there being no allegation of insolvency in the grantee.

Charge of Court. Contracts. Equity. Before Judge HANSELL. Berrien Superior Court. September Term, 1878.

John Lindsey filed his bill against his son, Benj. F. Lindsey, alleging, in brief, as follows:

In 1860 he was stricken with paralysis. It caused him much suffering, made his mind give way, and induced a fear that his property would all be lost because of his inability to attend to his business. His mind was so feeble from disease and age, that he could not understand his business nor the nature and consequences of his actions, and, being much persuaded by his children and others, he was prevailed upon to convey to his said son, on the 16th of January, 1867, certain lands (being his plantation) for the consideration specified in said conveyance, viz.: $5.00 cash, and "that the said Benjamin F. Lindsey for the remainder of his (the father's) declining days, shall take care of him and provide him suitable clothing and comfortable provisions and bedding, suitable to his circumstances and connections in life, and look after his estate, and manage it for the best interest of the estate when he (the father) was unable to look after it himself, and do all things necessary and proper to be done, and with the same care and attention as though he (the son) were looking after his own affairs."

He signed the deed but never delivered it.   He put it into his trunk and subsequently destroyed it.   Subsequently his son had a copy of the deed established, a jury finding that it had been delivered.   The jury was tampered with by third persons.

His son took possession of the land under promise to comply with his said obligations, but failed to maintain and support him, neglected his property, and by petty annoyances, compelled him to abandon his house and seek shelter elsewhere.   And yet he refuses to reconvey said premises to the father.

Discovery was waived.   The prayer was for the cancellation of the deed, for an accounting for the rents, issues and profits of the land during the son's occupancy, and for general relief.

The answer of the son admitted complainant's age and that, by paralysis, his physical and mental vigor were impaired; but denied that the maker of the deed did not fully understand its effect, and said it was freely made; that it was delivered; that he took possession under it and fulfilled all his obligations therein assumed; and that the father abandoned his house without fault of the son.   He said the fact of delivery had been decided by the jury, and that they were not tampered with.

As to the main facts involved in the bill and answer, the evidence was very conflicting—especially as to the competency of the complainant to make the deed.

The jury found for defendant.   Complainant moved for a new trial on the following, among other grounds:

1. Because the court refused to charge the following request:

"When the party executing an instrument is a weak man and liable to be imposed upon, the court will look upon the circumstances and nature of the transaction with a very jealous eye and will very strictly examine the conduct and behavior of the persons in whose favor it is made.   If it sees that any acts or strategies or any undue means have

been used; if it sees the least spark of imposition at the bottom, or that the donor is in such a situation with respect to the donor as may naturally give an undue influence over him; if there be the least scintilla of fraud, in such a case the court will and ought to interfere."

2. Because the court charged as follows:

" Every man over 21 years of age is presumed by law to be capable of making a contract, and when a party comes into court and seeks to set aside his own deed upon the ground that he was mentally incompetent at the time, the law throws the burden of proof on him, and he must show by the evidence that he was not competent to contract or transact business. The fact that a man's mind is weak, or that it had been somewhat impaired, by age or disease in part, is not a good ground for setting aside his deed; but it must appear that he was not of sufficient mind to understand the nature and character of the instrument that he was executing, the property of which he was disposing, and the person to whom made and the consideration moving to it. If his mind was sufficiently strong to understand these things, then he was competent to make the deed, and it is binding on him. The law has never marked out a definite and fixed line between capacity and incapacity, because it is almost impossible so to do, but our Code says that the following persons cannot generally make a valid contract, ' married women, infants, insane persons and drunkards.' Weakness of mind or eccentricity do not constitute incapacity, if the person be not legally *non compos mentis*."

Here the court read sections 2118 and 2409 of the Code.

3. Because the court charged as follows:

" As to the question of undue influence, if the deed was made under the persuasion of Thomas Lindsey and other children of complainant, they honestly believing, at the time, that it was best for him to make it, even if over-persuaded by them, and defendant was not present, and had no knowledge of said persuasion and no part in it, then it does not affect the deed or authorize you to set it aside.

Influence or persuasion may be used to obtain the making of a deed ; it is only undue influence that the law generally guards against; and to make that good it must appear to be an improper influence, or a proper influence used for an improper purpose, and then it must in this case have been with the knowledge, connivance or consent of B. F. Lindsey."

4. Because the court charged as follows :

" As to the other ground, that B. F. Lindsey failed to comply with or carry out the conditions of the deed, I charge you that it is not a ground for setting aside the deed ; there is no provision in this deed that it shall be void on the failure to perform the consideration. It only sets up certain things to be done as the consideration, and if the defendant fails to fulfil the consideration, then the plaintiff would have the right to sue for and collect the value of it, but not to set aside the deed, etc."

The motion was overruled, and complainant excepted.

A. T. McIntyre, by N. J. Hammond, for plaintiff in error, cited as follows : On capacity of grantor, Code, §§2401, 2409 ; 6 *Ga.*, 325 ; 17 *Ib.*, 364; 27 *Ib.*, 444. Consideration precedent, Code, §2722 ; 42 *Ga.*, 180. Inadequate, Code, §2742.

S. T. Peeples & Son, by brief, for defendant, cited as follows : On capacity, Code, §2729 ; 31 *Ga.*, 512 ; 43 *Ib.*, 79 ; 21 *Ib.*, 552. On undue influence, Code, §2401 ; 6 *Ga.*, 325.

Jackson, Justice.

1. By reference to the report of the pleadings and facts of this case, it will be seen that many errors are assigned upon charges and refusals to charge in regard to imbecility of mind in the grantor and undue influence exerted by his children upon him to make the deed to the grantee. We see no substantial error in any ruling complained of. In-

deed, few of them were pressed in argument before us as erroneous. The jury found that the father's mind was strong enough to make the contract, the evidence abundantly sustains the finding, and the judge was right to uphold the verdict on this point. So in regard to undue influence, the charge was right, and there is, if any at all, but the slightest evidence of any influence, and none on the part of the grantee or authorized by him.

2. The consideration of the deed is the continued support of the father by this son, to whom it was made. It is not a condition precedent. It is not pretended that he is unable to comply with his contract, and the only dispute is in respect to whether he has done so or not. The remedy is for failure to do so, the contract being executed, by action at law for damages. Such remedy being adequate and complete at law, equity will not interfere to set aside the conveyance. These points control the case, and the judgment is affirmed. See 31 *Ga.*, 512 ; 43 *Ga.*, 79 ; 6 *Ga.*, 325 ; Code, §3095 ; 5 *Ga.*, 400.

Judgment affirmed.