GRAY & COMPANY *vs.* McDANIEL, for use.

1. Where a vendee held an ordinary bond for titles, paid one hundred dollars on the purchase price, and failed to pay the balance when due, and the vendors re-entered upon the land, it being vacant, and re-sold it, the vendee was entitled to recover the amount already paid, less such an amount as would prevent actual loss to the vendors by reason of his non-performance of the contract. The verdict in this case substantially conformed to this ruling. 69 *Ga.*, 433; Code, §3586.

2. Where testimony, offered to show the expenses of a re-sale, did not itemize such expenses, but gave them in a lump, and seemed to be mere matter of opinion, there was no error in rejecting the evidence.

(*a.*) Where questions were asked, but not answered, and it was not stated what answers were expected, and therefore what could be proved, and the judge certifies that this was done after the case had been ruled, so that no injury appears, a reversal will not be granted on that ground. Code, §2860.

Judgment affirmed.

April 15 1884.

JACKSON, Chief Justice.

[This case was before the Supreme Court before, and is fully reported in 69 *Ga.*, 433. On the last trial in the court below, it was sought to reduce the recovery by showing the expenses of the second sale by the real estate agent, who made it for defendants. The following questions and answers were offered in evidence:

"Please refer to your books, and so refresh your memory as to

enable you to tell precisely when this land was advertised for re-sale; what did it cost C. W. Gray & Company to advertise and re-sell the property after McDaniel failed to pay? State all you know going to show what amount the defendants had to pay out in re-selling this lot, and how and in what way they were caused to make the expenditure?" To this question, the witness answered as follows: "Land was advertised for sale December 2, 1879. It cost C. W. Gray & Company about seventy dollars. I have already stated this was caused by McDaniel's failure to meet his notes."

Counsel for defendants proposed to ask one of them, while a witness on the stand, what expenses defendants were at in the sale of the property, after McDaniel failed. On objection, this was rejected. Counsel stated that they wished to prove by this and another witness what expenses defendants were at in the second sale, including railroad fare, expenses of advertising, commissions to real estate agents, etc., but the court refused to permit it. The court adds the following note on the side of the bill of exceptions:

"The rulings of the court were made on the evidence in the case introduced before this time."

The jury found for plaintiff $72.65, and judgment was entered thereon. Defendants excepted.]