## SNOOK *v.* RAGLAN.

1. The declaration set forth a cause of action, and was amendable.
2. Under the facts in evidence, the conditional contract for the sale of the furniture was rescinded by the seller, and he became liable to the buyer in an action for money had and received for the amount of the partial payments which she had made on the price, less a reasonable sum for hire of the furniture during the time she had possession of it, and less, also, any depreciation in the value of the furniture by damage or injury, over and above ordinary wear and tear which it may have sustained while in her hands.
3. In order for the buyer to recover for money paid by a previous purchaser, she would have to account for any hire or damage with which that purchaser would be chargeable.
4. The verdict was not warranted by the evidence.   This is true certainly as to the amount of the recovery.   The court erred in refusing a new trial.                    *Judgment reversed.*
   May 2, 1892.  By two Justices.

Action.  Amendment.  Rescission of contract.  Damage.  Verdict.  Before Judge VAN EPPS.  City court of Atlanta.  September term, 1891.

Mrs. Raglan sued Snook, alleging : He was indebted to her $406.55, for that, in and during the month of December, 1889, or about that time, he was indebted to her for so much money had and received by him for her use, and being so indebted, in consideration thereof, afterwards on the —— day of December, 1889, or thereabouts, undertook and then and there promised to pay her said above mentioned sum of money, when he should thereunto be afterwards requested.  Defendant demurred to the declaration, on the ground that it stated no cause of action, and on the ground that it failed to state that any demand had been made upon defendant before the suit was instituted.  The court overruled the first ground of demurrer and sustained the second ; whereupon plaintiff offered an amendment alleging, that after the money came into the hands of defendant, as alleged in the original declaration, she demanded the same of him on the —— day of December, 1889, which demand was refused by him.  To this amendment defendant objected, on the ground that there was nothing in the original declaration to amend by, and also because the amendment introduced a new and distinct cause of action.  The objection was overruled and the amendment allowed.  To the two rulings adverse to him the defendant excepted.

The evidence showed that Snook sold Wiley Jones certain furniture to be paid for by instalments, Snook reserving title.  Jones paid about $135, and in June, 1889, an arrangement was made by which his sister, Mrs. Raglan, was substituted for him in the contract.  She gave her notes for the balance due (about $525), took the furniture and paid the defendant various amounts the total of which is not quite definite from the

record, but it seems to be not over $200 if so much. She retained and used the furniture for six months, and then the wife of Jones sued her for it in bail-trover, and it was seized by the sheriff. Snook interposed his claim, gave bond and took possession of the furniture, and afterwards sold it, having notified Mrs. Raglan in the meantime that he was willing to turn it over to her when she paid the amount due by her. It was worth for hire $30 to $40 per month, according to various estimates. It had been badly damaged when Snook took possession of it in December, 1889. The jury found for the plaintiff $119.05 principal, besides interest. The defendant moved for a new trial on the grounds that the verdict was contrary to law and evidence, and on the following special grounds:

Error in charging: "One who sells personal chattels, such as household furniture, upon what is called the instalment plan, reserving title in himself until the last of the purchase money is paid, and he takes back the furniture into his own possession because the balance of the purchase money is not paid, is held in law to have rescinded the contract *in toto*. It is, so far as the duty on the part of the purchaser to pay any more in the future is concerned, and the right of the purchaser to have back what has been paid in the past, just as if no contract of purchase and sale had ever been entered into. The defendant in this case testifies that after the furniture came back into his custody, he sold it. This is a solemn admission *in judicio*, and the effect of it is to establish, in favor of the plaintiff, the proposition that the sale by Mr. Snook to her was by him rescinded; and it does not at all alter the effect of this fact that Mr. Snook, before selling it, offered to let the plaintiff have it again if she would pay him the balance due, or that he is now willing to substitute other furniture in the place of that sold, and let her have this, on paying

the balance due for the original furniture. I therefore charge you, as a matter of law arising on the undisputed evidence of the case, that the plaintiff is entitled to recover on the case made, unless the aggregate amount of the payments made by her is less than the reasonable hire for the time she had the furniture in her possession. Of course she would not be liable to account to Mr. Snook for hire of the furniture for the time her brother Jones had it in his possession, under the contract with him, between him and Snook."

Error in refusing to charge: "If the jury find from the evidence that the plaintiff entered into an agreement with the defendant and Wiley Jones, the first purchaser, that she would take the place of said Jones in the transaction with the defendant, in all respects, assuming his entire liability and having the advantage of what he had paid the defendant, then whatever sum, if any, the furniture was reasonably worth for hire during the time it was held by said Wiley Jones, may be set off by the defendant against the claim of the plaintiff, as well as the hire for the time it was held by the plaintiff herself; and if the sum which said furniture was reasonably worth for hire from the time it was taken back by the defendant Snook from the plaintiff, is greater than the amount paid on the furniture by Jones and Mrs. Raglan together, then the plaintiff cannot recover in this case."

The motion was overruled, and defendant excepted.

BLALOCK & BIRNEY, for plaintiff in error.
ARNOLD & ARNOLD, by brief, *contra*.