McCARDLE *v.* KENNEDY *et al.*

1. Where a conveyance was made in consideration of support for life, the grantor had no right, without the consent of the grantee, to rescind the contract by a subsequent conveyance to another, merely because the support was withheld. She could not thereby defeat the first deed, her redress being an action for the value of the support withheld, or an equitable action to rescind if the special facts, such as insolvency, would make the latter the appropriate relief.

2. The evidence warranted the verdict, and the newly discovered evidence could not properly change the result.

June 26, 1893.

Complaint for land. Before Judge MILLER. Bibb superior court. November term, 1892.

L. D. MOORE and T. B. WEST, for plaintiff in error.
J. L. HARDEMAN and FREEMAN & GRISWOLD, *contra.*

SIMMONS, Justice.

1. Mrs. Champion made a deed to her brother, Mc-Cardle, the consideration expressed therein being one thousand dollars. The real consideration, however, seems to have been an agreement by McCardle to support her during her life. This deed was made in 1865. McCardle died in 1874. In 1887 Mrs. Champion conveyed the same land to her sister-in-law, Mrs. Mary McCardle, wife of another brother, stating in the deed that the first conveyance was void because the grantee had failed to maintain and support her according to the contract. After her death, the children of the first grantee brought an action for the land, and the grantee under the second deed claimed the land under that conveyance.

When a person conveys land to another for a valuable consideration, the title passes out of him into his grantee; and if the grantee fails to pay the purchase money, or to comply with his contract, the grantor has

no right, without the consent of the grantee, to rescind the contract by a subsequent conveyance to another person, and thereby cancel the first one. The failure to pay the purchase money, or the failure to maintain and support the grantor, if that be the consideration, is not a sufficient reason for rescinding the contract of sale. The remedy in such cases is an action for the recovery of the purchase money, or an action for the value of the support withheld, or an equitable action to rescind the contract, if the grantee is insolvent, or there are any other special facts which would make this the appropriate relief. *Lindsey* v. *Lindsey*, 62 *Ga.* 546, 550; *Nathans* v. *Arkwright*, 66 *Ga.* 179, 186; 3 Wash. Real Prop. (5th ed.) *618; Lake *v.* Gray, 35 Iowa, 459.

2. The evidence warranted the verdict, and the newly discovered evidence could not properly change the result.                              *Judgment affirmed.*