## Davis, administrator, *v.* Davis.

ATKINSON, J. 1. Where a conveyance of land was made from a father to his son on consideration of $10 and love for the son, and further that the son should support and maintain the father for and during his natural life, and the support and maintenance were made a charge upon the land, the conveyance would not be defeated by mere failure of the son to support the father. *Jones* v. *Williams,* 132 *Ga.* 782 (64 S. E. 1081); *Thompson* v. *Lanfair,* 127 *Ga.* 557 (56 S. E. 770).

(*a*) If there were a failure to support the father, ordinarily an action would lie for the value of the support. *Kytle* v. *Kytle,* 128 *Ga.* 387 (57 S. E. 748); *Lindsey* v. *Lindsey,* 62 *Ga.* 546. Or, if the special facts authorized it, an equitable action for rescission might lie. *McCardle* v. *Kennedy,* 92 *Ga.* 198 (17 S. E. 1001, 44 Am. St. R. 85). But where the support was made a charge upon the land conveyed, the mere fact that the son was a non-resident of the State would not constitute ground for cancellation in equity.

(*b*) In view of the foregoing, it was not erroneous on demurrer to strike so much of the petition as alleged failure of the defendant to support his father.

2. Other allegations as to contribution by other children to the support of defendant's father, and as to reimbursing him for such amount as he had expended for the support of his father, were irrelevant to the case as pleaded, and there was no error in striking them on demurrer.

3. It was not an abuse of discretion to refuse to postpone the hearing of the case, or to refuse to continue it for the term, in order that a stenographer might be procured to report it.

4. There was no error in any of the rulings of the judge on the admissibility of evidence, or in the charge to the jury, or in refusals to charge, or on matters of practice pending the trial.

5. The evidence was sufficient to support the verdict, and there was no error in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*
SEPTEMBER 21, 1910.

Equitable petition.    Before Judge Lewis.    Greene superior court.    January 5, 1909.

*Brown & Shipp,* for plaintiff.    *Park & Park,* for defendant.