*L. D. McGregor,* for plaintiffs in error.

*J. P. Wilhoit* and *M. L. Felts,* contra.

---

BATTLE, trustee, *et al. v.* WILLIFORD, trustee.

HILL, J. 1. The court did not err in overruling the general demurrer to the petition, for the reason assigned, that the petition did not allege that the property of the bankrupt was not sufficient to pay his creditors in full. The petition did allege that at the time of making the transfer the bankrupt was insolvent, and that allegation was sufficient to withstand a general demurrer.

2. The defendants demurred specially to the petition as amended, on the ground that it did not allege or set out therein the names of any creditor or creditors of James H. Battle at the time of the execution of the deed of assignment made by James H. Battle to Mrs. Louise Battle Whiteley. *Held,* that the petition should have set out the names of the creditors of James H. Battle, and that the court erred in not sustaining that ground of the special demurrer.

3. As the court erred in overruling the special demurrer, all subsequent proceedings were nugatory.

*Judgment reversed. All the Justices concur.*

No. 4476. APRIL 24, 1925.

Equitable petition. Before Judge Shurley. Warren superior court. June 23, 1924.

R. F. Williford, as trustee in bankruptcy for James H. Battle, brought an equitable petition against James H. Battle and Mrs. Minnie Battle Allen, trustees, and James H. Battle and Louise Battle Whiteley, and alleged in substance the following: James H. Battle filed a voluntary petition in bankruptcy on February 9, 1923, in the United States district court, and was adjudicated a

bankrupt. The plaintiff was appointed trustee of the estate of the bankrupt, and qualified, and is still acting as such. James H. Battle and Mrs. Minnie Battle Allen are trustees, by appointment of the superior court, under the will of Lawrence Battle, deceased, and have the custody and control of 42-½ shares of stock in the Georgia Railroad & Banking Co. The income or dividends from said stock under the will of Lawrence Battle are payable to James H. Battle for and during his natural life. Prior to the bankruptcy of James H. Battle, and with the intent to put his property beyond the reach of his creditors and of secreting it from the trustee in bankruptcy, James H. Battle executed a pretended instrument conveying the stock to his daughter, Louise Battle Whiteley. That instrument has never been recorded, and it was made for the purpose of hindering, delaying, and defrauding his creditors and the plaintiff, and all of which was known to Louise Battle Whiteley, or she had reasonable grounds so to suspect; and the same is void. James H. Battle, for several years since the date of this pretended conveyance, has received the dividends from the stock, in absolute disregard of the terms of the conveyance, and Louise Battle Whiteley has received only about five dividends from the stock immediately prior to and after the bankruptcy of James H. Battle, all of which was done to give color to the scheme of James H. Battle and Louise Battle Whiteley in their effort to make the transaction appear bona fide. The alleged transfer of stock is void and of no binding legal effect, and was made for the purpose of hindering, delaying, and defrauding his creditors and of secreting the stock from plaintiff as trustee in bankruptcy, and was without consideration, and should be canceled and set aside.

By an amendment the plaintiff alleged, that the conveyance made by Battle of his life-estate in the stock was voluntary, without consideration, and made while James H. Battle was insolvent, and with the intention to hinder, delay, and defraud, and defeat the creditors of Battle in the collection of their debts from Battle; that the conveyance purports to have been made in 1914, but that the same was not made in 1914, and if made at that time it was for the purpose of defeating, hindering, and defrauding his creditors; that at the time of the conveyance Battle owed debts which are now in existence against him and which are filed as legal claims against his bankrupt estate, and this plaintiff as trustee represents

creditors whose claims were in existence at the time of the making of the fraudulent transfer, which debts Battle sought to defeat; that Louise Battle Whiteley did not know of the contents of the paper until after the filing of the petition in bankruptcy by Battle; that the making of the paper and the production of the same by Battle was done as a scheme for the purpose of pretending to have made a conveyance to his daughter for the purposes alleged; that no consideration whatever was paid by Louise Battle Whiteley to James H. Battle for the stock, and if.any was paid that it was done with a thorough knowledge on her part of the general scheme on his part to defeat and defraud his creditors; that at the time of making payment to James H. Battle, if any was made, Louise Battle Whiteley had notice of the fact that James H. Battle was charged and accused by his creditors with having fraudulently conveyed all of his estate for the purpose of defeating and defrauding them in the collection of their debts; that the assignment of the stock is too indefinite to operate to pass title to the income from any particular stock, or to be enforced against the trustees or the Georgia Railroad & Banking Co. Plaintiff prayed, that James H. Battle and Minnie Battle Allen, as trustees under the will of Lawrence Battle, be enjoined from paying the dividends on the stock to Louise Battle Whiteley or to any other person except the plaintiff as trustee; that the conveyance made by James H. Battle to Louise Battle Whiteley be declared void and set aside, and the court require Louise Battle Whiteley to deliver said paper to be canceled; that the court decree that plaintiff be entitled, as trustee in bankruptcy of the estate of James H. Battle, to the life-estate of James H. Battle in said stock, and that his title thereto be set up and established; and that plaintiff be given judgment against Louise Battle Whiteley in the sum of $243 as the dividends from said stock that have been paid over to her since the bankruptcy of James H. Battle; there was also a prayer for general relief and for process.

The court overruled demurrers, both general and special, to the petition; and to this judgment the defendants excepted.

*L. D. McGregor,* for plaintiffs in error.

*J. P. Wilhoit* and *M. L. Felts,* contra.