## HALL *v.* TYSON.

1. The special facts alleged in the petition authorized an equitable action for rescission. *Davis* v. *Davis,* 135 *Ga.* 116 (69 S. E. 172); *Pavlovski* v. *Klassing,* 134 *Ga.* 704 (68 S. E. 511); *McCardle* v. *Kennedy,* 92 *Ga.* 198 (17 S. E. 1001, 44 Am. St. R. 85). Consequently the court did not err in overruling the general demurrer and refusing to dismiss the petition.

2. Neither of the excerpts from the charge of the court, of which complaints are made, is erroneous for the reasons assigned. Especially is this true when these excerpts are considered in connection with the charge. as a whole. The evidence warranted the verdict returned by the jury.

No. 4459. MAY 12, 1925.

Equitable petition. Before Judge Strange. Effingham superior court. June 19, 1924.

*Hitch, Denmark & Lovett* and *R. B. Morris,* for plaintiff in error.

*R. W. Sheppard,* and *Hugh R. Tarver,* contra.

RUSSELL, C. J. W. C. Tyson brought a petition against Mrs. Willie Lucile Hall. The petitioner is the father and the defendant is his daughter. It is alleged in the petition that the plaintiff owned a tract of land in Effingham County, near where he has lived for many years; that his daughter, together with her husband and children, moved into the home of petitioner for the purpose of making it their home and rendering petitioner and his wife such services as they might need at times when it was necessary on account of their age and feeble condition; that thereafter the daughter proposed to her father that if he would make her a deed to a tract of land described in the petition, which adjoins the home of petitioner, containing one hundred acres, more or less, she and her husband would settle on it where she could and would render

petitioner and her mother, during the remainder of their lives, such services as they might need when sick or unable to care for themselves, and would be a neighbor and companion to them and would comfort them in any way possible; that, having implicit confidence in the defendant's word and believing that she and her husband would carry out in perfect good faith her promise to him, petitioner on the 30th day of January, 1920, made the defendant a deed to the land above referred to; that as soon as petitioner made and delivered said deed to defendant, she and her husband moved away from the home of petitioner, and failed and refused to settle upon the land conveyed to her or to perform any of the services agreed by her to be rendered to petitioner and his wife, which was the consideration of the deed made by petitioner to the defendant; that while the deed made by petitioner recites a money consideration of five dollars, no money was in fact ever paid, and petitioner has received no consideration whatever for said land, which is worth $1,000 or more in cash; that the services to be rendered by the defendant to petitioner and his wife in their old age would have been of great value and comfort, and this was the sole consideration that moved petitioner to make the deed to his daughter; that the defendant took an unconscionable advantage of his faithful trust and confidence emanating from his relationship, for the purpose of getting a title to said land without any consideration whatever; that defendant is insolvent; that she has no property so far as petitioner knows, and is unable to respond in damages to petitioner in the event a judgment in damages should be rendered against her; that petitioner has no adequate remedy at law, and can only be protected by a court of equity; that he would suffer irreparable loss in the event said defendant should sell, encumber, or otherwise dispose of said property to an innocent purchaser. The prayers were, that the deed be so reformed as to make it show the true consideration and the contract made at the time of its execution, that the contract of sale be rescinded, and that said deed be canceled as a cloud upon petitioner's title.

The defendant demurred upon the ground that the petition set out no cause of action and no facts which would entitle plaintiff to the equitable relief sought; that the prayer for cancellation is based upon the declaration of the grantor against the grantee after possession, and is not a legal basis of suit; that the allegations of the

petition set forth a sufficient consideration to make the conveyance valid, and the sole basis of action rests upon an effort by the plaintiff to alter the consideration of a deed by the introduction of parol testimony to change the terms of a written contract. Other demurrers were based upon the grounds that the allegations of the petition necessary for the relief sought in the first prayer are insufficient; and that the second prayer should not be granted because the plaintiff has an adequate remedy at law. The demurrers were overruled, and the defendant excepted to this ruling, and to the refusal of a new trial. In addition to the general grounds of the motion for new trial, the plaintiff in error assigned error upon two charges of the court:

1. "I charge you, gentlemen of the jury, that the old age of the plaintiff has nothing to do with the case at all. The question for your consideration is, first, was the consideration of the deed carried out; was it complied with? If it was not, why then the plaintiff would be entitled to recover." This is alleged to be erroneous in that (a) it led the jury to believe that the only question for their determination was whether the consideration was carried out, which was distinctly and clearly prejudicial to the defendant, for she alleges in her defense that there was no consideration to be carried out; that the real consideration was $5 and the natural love and affection of the grantor which was stipulated in the deed. (b) Because it intimated to the jury that there was something in the consideration that needed to be complied with, when in reality the consideration in the deed was love and affection. (c) The charge was erroneous, for the plaintiff's remedy was an action at law for damages. The jury could have inferred from this instruction that if the $5 had not been paid, they should cancel this deed.

2. The court charged the jury: "The defendant contends that she understood from her father, at the time they moved there, that they were to have the greater portion of the home place; she contends they were to have the cleared land, the house, and live in the same house with her father's family for them, and take care of them during their old age." This instruction is assigned as error because it was a misstatement of the defendant's contention, it being insisted that her contention was that it was her understanding when she moved there that he would convey to her his

house, but not that she was to live there in consideration of this. The headnotes state our rulings on the exceptions.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent for providential cause, and*

BECK, P. J., dissenting. I am of the opinion that the judgment. of the court below should be reversed on the ground that it was error to overrule the general demurrer. The doctrine applicable here is laid down in the case of *Brand* v. *Power*, 110 *Ga.* 522 (36 S. E. 53), where it is said: "An absolute deed of conveyance will not, at the instance of the grantor, be canceled merely because of a breach by the grantee of a promise made by him in consideration of which the deed was executed." The quotation is from the first headnote. In the opinion in that case it was said: "Even if we treat the petition as sufficiently alleging that the undertaking of the defendant to provide a support for his mother was the sole consideration of the deed, which is by no means made clear, his failure to do as he promised amounts to nothing more than a mere breach of contract, for which the plaintiff had an adequate remedy by a proper action for damages. The deed passed the title to him without condition or qualification, as it contained no language making his title in any way dependent upon compliance with his contract to support his mother. This being so, she had no more right to cancel the deed for a breach of this contract than she would have had if she had sold her son the land for a specified amount of purchase-money and he had failed or refused to make payment thereof." In the present case the title passed, undoubtedly. The consideration of the deed made by the father to the daughter, it is alleged, was an agreement upon the part of the daughter that if the father "would make her a deed to the tract of land described in the petition, she and her husband would settle on it where she could and would render petitioner and her mother during the remainder of their lives such services as they might need when sick and would be a neighbor and companion to them in any way possible." It is further alleged that when petitioner made and delivered the deed to the defendant to the lands in question she and her husband moved away from the home of petitioner, and failed and refused to settle upon the lands conveyed to her or to perform the services which she agreed to perform, "which was the consideration of the deed made by

petitioner to the defendant." It is not contended or pretended that there was a condition precedent with which it was necessary that the daughter should comply before the title vested. There is no doubt that the title vested. If it did, then it was necessary for the plaintiff, in order to have a cancellation, to show that the execution of the deed was procured through fraud, or that there was a condition subsequent that was violated by the vendee. Nothing alleged in this petition can be construed into a condition subsequent; and no facts showing fraud, by which the execution of the deed was procured, are alleged. Therefore, no ground for cancellation of the deed.

I am here construing the deed as if it had been reformed; am treating it as reformed in accordance with the prayer for reformation. There is no breach of a condition that would authorize a court of equity to cancel the conveyance. In the opinion of the majority it is said, "The special facts alleged in the petition authorized an equitable action for rescission." From the authorities cited to support this ruling I assume that the special facts to which allusion is here made are the allegations of fraud and of insolvency. As to the allegations of fraud, I am of the opinion that no fraud is sufficiently alleged. There is nothing in the petition upon this subject save the general allegations that the conduct of the daughter was fraudulent; and the broad, bare charge of fraud amounts to no more than the conclusion of the pleader: "Where a bill seeks to set aside a sheriff's sale, on the ground of fraud by the purchaser, and to enjoin the sheriff from making a title to him, some *specific fraudulent conduct* on the part of the purchaser must be charged; it is not sufficient to make a *general* allegation of fraud, but the bill must allege the *particular* acts or declarations of the defendant, which are relied on to constitute the fraud." *Orr* v. *Brown,* 5 *Ga.* 400. The demurrer to this part of the petition did not admit the truth of the facts thus pleaded.

Now as to the charge of insolvency, I have this to say: If title passed, and the deed of conveyance was not void for fraud, then insolvency is not a ground for cancellation. In the case of *Davis* v. *Davis,* 135 *Ga.* 116 (69 S. E. 172), it was said: "Where a conveyance of land was made from a father to his son on consideration of $10.00 and love for the son, and further that the son should support and maintain the father for and during his natural

life, and the support and maintenance were made a charge upon the land, the conveyance would not be defeated by mere failure of the son to support the father. *Jones* v. *Williams,* 132 *Ga.* 782 (64 S. E. 1081) ; *Thompson* v. *Lanfair,* 127 *Ga.* 557 (56 S. E. 770). If there were a failure to support the father, ordinarily an action would lie for the value of the support. *Kytle* v. *Kytle,* 128 *Ga.* 387 (57 S. E. 748) ; *Lindsey* v. *Lindsey,* 62 *Ga.* 546. Or, if the special facts authorized it, an equitable action for rescission might lie. *McCardle* v. *Kennedy,* 92 *Ga.* 198 (17 S. E. 1001, 44 Am. St. R. 85)." It may be that the writer of the opinion in the case of *Davis* v. *Davis,* in making the statement, "Or, if the special facts authorized it, an equitable action for rescission would lie," had it in his mind that insolvency would be one of the special facts authorizing rescission. We infer this much from the authority referred to in support of the proposition, which is *McCardle* v. *Kennedy,* 92 *Ga.* 198 (supra) ; for in the *McCardle* case it was said : "The failure to pay the purchase-money, or the failure to maintain and support the grantor, if that be the consideration, is not a sufficient reason for rescinding the contract of sale. The remedy in such cases is an action for the . . value of the support withheld, or an equitable action to rescind the contract, if the grantee is insolvent, or there are any other special facts which would make this the appropriate relief. *Lindsey* v. *Lindsey,* 62 *Ga.* 546, 550; *Nathans* v. *Arkwright,* 66 *Ga.* 179, 186; 3 Wash. Real Prop. (5th ed.) § 618; Lake *v.* Gray, 35 Iowa, 459." But it will be noticed here that the dictum to the effect that an equitable action might be maintained to rescind the contract, if the grantee is insolvent, is purely obiter. We say this because it is clear that the question thus seemingly decided was not involved in the case ; that is, whether insolvency or the other facts alleged would authorize rescission. To support the proposition laid down in this obiter dictum, *Lindsey* v. *Lindsey,* 62 *Ga.* 546, was cited. In that case it was said : "The consideration of the deed is the continued support of the father by this son, to whom it was made. It is not a condition precedent. It is not pretended that he is unable to comply with his contract, and the only dispute is in respect to whether he has done so or not. The remedy is for failure to do so, the contract being executed, by action at law for damages. Such remedy being adequate and complete at law, equity will not

interfere to set aside the conveyance. These points control the case, and the judgment is affirmed. See 31 *Ga.* 512; 43 *Ga.* 79; 6 *Ga.* 325; Code, § 3095; 5 *Ga.* 400." We have quoted the entire second division of the opinion; and the second headnote states the same principle, but adds, "there being no allegation of insolvency in the grantee." No one, after a consideration of the *Lindsey* case, can contend that the language, "there being no allegation of insolvency in the grantee," is anything but obiter. There is nothing in the opinion that calls for it; there is nothing in the facts that calls for it. But it was caught up from there like a spark and carried to where it was dangerous. And now see "how great a matter a little fire kindles."