### DORSEY *et al. v.* CLOWER *et al.*

HINES, J. 1. A deed in consideration of one dollar actually paid, and of past support of the grantors by the grantees, and an agreement on the part of the grantees for the future support of the grantors, is not a voluntary conveyance, but one based upon a valuable consideration. Civil Code (1910), §§ 4242, 4243.

2. Where plaintiffs and defendants in ejectment claim title to land under deeds from a common grantor, the plaintiffs claiming under a deed based upon a consideration such as that stated above, which is prior in date to that of the deed under which the defendants claim, and which was duly recorded prior to the execution of the deed of the defendants, and where the defendants' deed is based upon a consideration of one dollar and other consideration, the same being junior in date, the title of the plaintiffs is superior to that of the defendants, although the defendants bought in good faith and without actual knowledge of the deed of the plaintiffs. Civil Code (1910), § 4198; *McCardle* v. *Kennedy*, 92 *Ga.* 198 (17 S. E. 1001, 44 Am. St. R. 85); *Jones* v. *Williams*, 132 *Ga.* 782 (64 S. E. 1081); *Davis* v. *Davis*, 135 *Ga.* 116 (69 S. E. 172).

3. The deed under which the plaintiffs claim, being of the nature above stated, does not fall within the principle announced in *Finch* v. *Woods*, 113 *Ga.* 996 (39 S. E. 418), and other cases, that "to sustain a voluntary conveyance against a subsequent bona fide purchaser for valuable consideration, notice to the purchaser must be actual;" and that the registration of the conveyance is not constructive notice to such subsequent purchaser bona fide.

4. Under the facts above stated, which are undisputed, the court did not err in directing a verdict for the plaintiffs.

*Judgment affirmed. All the Justices concur.*

*W. I. Geer*, for plaintiffs in error. *A. L. Miller*, contra.