### SCHNEIDER *v.* SMITH.

REID, Chief Justice. 1. An absolute deed made in consideration of a promise by the grantee to support the grantor for life may be canceled by the superior court in the exercise of its equitable powers (*English* v. *Little,* 164 *Ga.* 805 (2-a), 139 S. E. 678), on a petition brought by the grantor for this purpose, where it is made to appear that the grantee has breached his agreement and is insolvent. *Lindsey* v. *Lindsey,* 62 *Ga.* 546 (2); *McCardle* v. *Kennedy,* 92 *Ga.* 198 (17 S. E. 1001,

44 Am. St. R. 85); *Rountree* v. *Williams*, 99 *Ga.* 222 (2) (25 S. E. 323); *Jones* v. *Williams*, 132 *Ga.* 782 (2) (64 S. E. 1081); *Wyatt* v. *Nailer*, 153 *Ga.* 72 (4) (111 S. E. 419); *Fletcher* v. *Fletcher*, 158 *Ga.* 899 (3) (124 S. E. 722); *Hall* v. *Tyson*, 160 *Ga.* 381 (128 S. E. 187); *Burkhalter* v. *DeLoach*, 171 *Ga.* 384 (2) (155 S. E. 513); *Morris* v. *Fain*, 165 *Ga.* 879 (2) (142 S. E. 119); *Brinson* v. *Hester*, 185 *Ga.* 761 (196 S. E. 412). For authorities in other States see 112 A. L. R. 761. This does not contravene the rule prevailing in this State, that "an absolute deed of conveyance will not, at the instance of the grantor, be canceled merely because of a breach by the grantee of a promise made by him in consideration of which the deed was executed" (*Brand* v. *Power*, 110 *Ga.* 522, 36 S. E. 53; *Thompson* v. *Lanfair*, 127 *Ga.* 557, 56 S. E. 770; *Whidby* v. *Willis*, 151 *Ga.* 43, 105 S. E. 470; *Brinson* v. *Hester*, 185 *Ga.* 761, 196 S. E. 412; *Wood* v. *Owen*, 133 *Ga.* 751, 66 S. E. 951; *Davis* v. *Davis*, 135 *Ga.* 116, 69 S. E. 172; *Self* v. *Billings*, 139 Ga. 400 (2), 77 S. E. 562; *Christian* v. *Ross*, 145 *Ga.* 284, 88 S. E. 986), since, under the rule first above stated, cancellation of the deed is not permitted *merely* because of the breach by the grantee of the covenant to support, but because of this and the additional fact of the insolvency of the grantee. See *Cain* v. *Varnadore*, 171 *Ga.* 497 (5) (156 S. E. 216).

2. In canceling the deed the court must, as nearly as possible, restore the parties to their original status. The grantor is chargeable with any money paid and for the value of services rendered under the contract by the grantee. The grantee is to be charged with the damages occasioned by his breach, and a fair rental value of the land during the time it was held in possession under the agreement. *Lytle* v. *Scottish American Mortgage Co.*, 122 *Ga.* 458 (50 S. E. 402); *Couch* v. *Crane*, 142 *Ga.* 22, 28 (82 S. E. 459); *McMillan* v. *Benfield*, 159 *Ga.* 457 (126 S. E. 246); *McDaniel* v. *Gray*, 69 *Ga.* 433; *Gray* v. *McDaniel*, 73 *Ga.* 118; *Blitch* v. *Edwards*, 96 *Ga.* 606 (24 S. E. 147); *Enterprise Distributing Corporation* v. *Zalkin*, 154 *Ga.* 97, 110 (113 S. E. 409); *Snook* v. *Raglan*, 89 *Ga.* 251 (15 S. E. 364); *Scott* v. *Glover*, 7 *Ga. App.* 182 (66 S. E. 380); *Rhodes Furniture Co.* v. *Jenkins*, 2 *Ga. App.* 475 (58 S. E. 897); *Hayes* v. *Jordan*, 85 *Ga.* 741 (11 S. E. 833, 9 L. R. A. 373); 3 Black on Rescission and Cancellation, §§ 616, 633, 634, 688, 695. Where the reasonable value of the use of the property to the defendant, measured by its fair rental value and the value of timber cut from the premises and sold by the grantee, is in excess of a sum paid, and the reasonable value of the services rendered by the grantee under the agreement, the grantor is entitled, on rescission and cancellation of the deed, to recover the excess. Therefore the petition in the present case, which contained allegations of the above import, and which sought cancellation of the deed and a judgment for such excess, was not duplicitous as attempting to rescind the contract and recover damages for its breach.

3. It follows from what is said above that the allegations of the petition as to the value of the use of the property, the value of timber cut from the property and sold by the grantee, and the value of services rendered

by the grantee under the contract, were not subject to demurrer as irrelevant and immaterial to the cause of action declared on.

4. The allegations attacked by grounds 2 and 4 of the demurrer were not subject to the objection that they were irrelevant and immaterial. While these allegations did not set forth issuable facts essential to the cause of action declared on, and therefore need not have been made, it was not improper to do so, since the matters set out were not entirely disconnected from and unrelated to the principal and controlling issues.

5. An allegation that the defendant is insolvent is an allegation of an ultimate fact, and not a conclusion of the pleader, and accordingly is not subject to demurrer on that ground. H. C. & W. B. Reynolds Co. *v.* Reynolds, 190 Ala. 468 (67 So. 293); Bramwell *v.* Rowland, 123 Or. 33 (261 Pac. 57); Chicago &c. R. Co. *v.* Kenny, 159 Ind. 72 (62 N. E. 26). The statement in *Greenberg-Miller Co.* v. *Everett Shoe Co.*, 138 *Ga.* 729 (75 S. E. 1120), to the effect that such an allegation is a conclusion of the pleader, was not necessary to that decision, and does not require a different ruling. See *Ellison* v. *Lucas*, 87 *Ga.* 223 (13 S. E. 445, 27 Am. St. R. 242). Compare *Battle* v. *Williford*, 160 *Ga.* 289 (127 S. E. 763).

6. The theory underlying the rule that equity will intervene to cancel a deed made in consideration of a promise by the grantee to support the grantor for life, where the grantee breaches the covenant and is insolvent, is that by reason of the insolvency of the grantee a judgment for damages would not in the usual course of events be collectible, and accordingly would be inadequate to compensate the grantor or place him in statu quo. *Harrell* v. *Parker*, 186 *Ga.* 760, 769 (198 S. E. 776). This being true, and since an absolute deed operates to vest legal title to the property in the grantee, subject to his debts (*Rountree* v. *Williams*, supra), it seems clear that the property conveyed by the deed sought to be canceled should be considered as the property of the grantee in determining whether he was insolvent, that is, whether he had sufficient assets to pay his debts. *Molyneaux* v. *Collier*, 13 *Ga.* 406; *Primrose* v. *Browning*, 59 *Ga.* 69; *Harwood* v. *Andrews*, 71 *Ga.* 784; *Cohen* v. *Parrish*, 100 *Ga.* 335 (28 S. E. 122); *Brown* v. *Spivey*, 53 *Ga.* 155, 159; *Fisher* v. *Graham*, 113 *Ga.* 851 (39 S. E. 305); *Griffin* v. *State*, 142 *Ga.* 636 (83 S. E. 540, L. R. A. 1915C, 716, Ann. Cas. 1916C, 80). The judge charged the jury to the contrary, and this was error requiring the grant of a new trial.

7. Under the principles stated first above; the following charge to the jury was erroneous: "I charge you that in every case of a conveyance, that where there is a breach of the covenants of the contract [this] will authorize a decree of cancellation of the deed, although the instrument contains no condition upon which the happening of an event is determined" (upon the happening of which the estate is to determine). In view of the fact that a new trial is granted for an error in the charge as stated above, we need not determine whether the above charge would have been *reversible* error, when considered in connection with other portions of the charge in reference to the issue of insolvency.

8. The third special ground of the motion for new trial is expressly aban-

doned. The fourth ground is not argued in the brief, and may be treated as abandoned. *Judgment reversed. All the Justices concur.*

No. 12982. JANUARY 10, 1940. REHEARING DENIED FEBRUARY 19, 1940.

*D. W. Mitchell,* for plaintiff in error.