33625. DUMAS *et al. v.* DUMAS.

DECIDED JUNE 29, 1951.

*Brackett & Brackett, R. B. Pullen,* for plaintiffs in error.

*Frank Grizzard, Frank Morrison, Norman H. Fudge,* contra.

GARDNER, J. 1. The plaintiff had previously filed in Fulton Superior Court her suit in equity seeking the cancellation of the deed which she executed and delivered to the defendants. The defendants demurred to this petition, and to the judgment overruling their demurrer the defendants excepted to the Supreme Court of this State, and that court ruled that in order for the grantor to maintain such action in equity, where there is no fraud alleged, it must appear that the grantees were insolvent. *Dumas* v. *Dumas,* 205 *Ga.* 238 (52 S. E. 2d, 845). It not being alleged in the petition that the defendants were insolvent, the Supreme Court reversed the trial court. In the decision that court ruled: "Where the consideration recited in a deed is 'one dollar, furnishing grantor a home, food, medicine, doctor's bills, hospital bills, burial expenses, and all the other necessities of life during grantor's lifetime,' and the grantee has failed and refused to furnish the grantor the specified items, ordinarily the remedy of the grantor would be an action for damages. Code § 85-902; *Brinson* v. *Hester,* 185 *Ga.* 761, 762." *Dumas* v. *Dumas,* supra. Where there is a failure of the grantee in such a deed to support the grantor, an action ordinarily lies for the recovery of the value thereof. *Davis* v. *Davis,* 135 *Ga.* 116 (69 S. E. 172). The plaintiff could recover the reasonable value of the support of the grantor during the time the grantees failed to furnish the same. See *Kytle* v. *Kytle,* 128 *Ga.* 387 (2) (57 S. E. 748); *McCardle* v. *Kennedy,* 92 *Ga.* 198 (17 S. E. 1001); *Lindsey* v. *Lindsey,* 62 *Ga.* 546. The acceptance of this instrument by the defendants bound them to perform the agreements therein contained. *Kytle* v. *Kytle,* supra. The contract here sued on was for a valuable consideration and was enforceable. *Ayer* v. *First National Bank & Trust Co.,* 182 *Ga.* 765, 767 (187 S. E. 27).

"A contract may be either entire or severable. In the former the whole contract stands or falls together. In the latter the failure of a distinct part does not void the remainder. The character of the contract in such case is determined by the

intention of the parties." Code, § 20-112. It is clear to the court that under the provisions of the contract here, it is not an entire one, and the mere furnishing of a shelter was in no wise a compliance with this contract.

There is no merit in the contention that the character of the services to be performed by the grantees and the amount or quantity thereof do not clearly appear from the petition. As against the grounds of demurrer, it appears from the petition and the contract itself that the parties agreed to the items therein set out, and reasonably construed, the plaintiff was to be furnished an amount of food and the other items and necessities mentioned, sufficient to maintain and support her. The plaintiff alleges that $50 monthly is a reasonable sum and will cover all food, medicines and other necessities of life necessary to properly support and maintain her. Such an allegation was not improperly made when considered in connection with the wording of this contract. It is true that such a contract would be based upon the level of society occupied by the plaintiff. However, whether or not $50 monthly is a reasonable amount and sufficient to maintain the plaintiff in the proper manner is for the jury. The fact that the plaintiff continued to live in the home, on the land which she had deeded to defendants, and that the defendants furnished this part of the support and maintenance to the plaintiff does not amount to a waiver of the breach by the defendants in failing to supply food and the other necessities of life required under the contract by the plaintiff. The fact that the defendants furnished an inadequate amount of food, medicine, etc., which was accepted by the plaintiff, does not amount to a waiver of the entire breach by the plaintiff. The plaintiff alleges that $50 monthly is a reasonable sum for her proper support and maintenance and if this is true the plaintiff would be entitled to recover that sum up to the time of trial, less any amounts which she received. The plaintiff would be entitled to recover in another action such future amounts as might accrue to her under the terms of the contract occasioned by a breach of the contract provided and if the contract is breached in the future. Such amounts, under the terms of the contract, may be more or less per month than the jury might find due her per month from the breach until the date of the trial.

There is no merit in the grounds of the special demurrer and the petition as a whole set forth a cause of action. The petition was not subject to demurrer because thereby the plaintiff sought to recover anticipated damages for future happenings. The plaintiff sought to recover a reasonable sum monthly, which she alleges was $50, for failure of the defendants to furnish to her the required food, medicine and other necessities. The damages sought were not too remote nor were they speculative.

The plaintiff sought judgment for such sum as the jury might find that the food, clothing, medicines and other necessities of life, which the defendants failed to furnish to the plaintiff as they agreed to do, were reasonably worth. The jury would be authorized to take into consideration the plaintiff's station in society, in determining what was a reasonable compensation for failure of the defendants to furnish the plaintiff with the food and other necessities of life required by her, that is, the amount and kind of such food and other necessities of life which the plaintiff required to be supported and maintained in such proper and reasonable manner.

In these circumstances, the plaintiff's petition set out a cause of action and none of the grounds of special demurrer, which were overruled by the court and on which error is assigned here, were well taken. The trial court did not err in rendering the judgment excepted to.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*