No. 89.—JAMES BOND, plaintiff in error, *vs.* WILLIAM CARTER, defendant in error.

[1.] A general release of all actions, &c. sufficient to make one competent as a witness.

[2.] Either party may read the examination of witnesses, taken on interrogatories.

Assumpsit, &c. in Stewart Superior Court. Tried before Judge IVERSON, October Term, 1853.

James Bond brought suit against William Carter, as the surviving partner of Beall & Carter, upon a promissory note made by the firm and endorsed by Jeremiah Beall. Upon the trial, plaintiff offered, in evidence, the depositions of the indorser, taken under a commission sued out by himself, and the following release to the witness, to relieve him from the objection of interest:

GEORGIA, BAKER COUNTY:·

Know all men by these presents, that I, James Bond, of Baker County, for and in consideration of five dollars in hand paid, have remised, released and forever discharged, and by these presents, for me, my heirs, executors and administrators, remise, release and forever discharge Jeremiah Beall, his heirs, executors and administrators, of and from all and all manner of action, or cause of action, suits, debts, dues, claims and demands, whatever, in Law or Equity, on whatever account, which, against

the said Jeremiah Beall, I have ever had, or may have, or which I, my executors or administrators, hereafter can, shall or may have, for, upon or by reason of any matter, cause or thing, whatever, from the beginning of the world, to the date of these presents. In witness whereof, I have hereunto set my hand and seal, this the 19th day of February, 1851.

In presence of—

Wm. W. Cheever,  }   (Signed,)  JAMES BOND, [SEAL.]
R. K. Hines, Jr.  }

Defendant's counsel objected to the depositions and release, upon the ground that the release was " too general, and therefore null and void." The Court sustained the objection, and this decision is assigned as error.

Plaintiff's counsel then offered, in evidence, depositions of the same witness, taken under a commission sued out at the instance of the defendant. The Court, upon objection, rejected the testimony, and this decision is assigned as error.

Other exceptions were filed in the Court below, but error has been assigned, in this Court, on the above grounds, only.

J. M. CLARK, for plaintiff in error

WELBORN, for defendant in error.

*By the Court.*—BENNING, J., delivering the opinion.

[1.] " A ge neral release of all actions and causes of action, for any matter or thing which has happened previous to the date of the release, will discharge the witness from all liability consequent upon the event of a suit then existing." (1 *Green. Ev.* §426.  *Coke Litt.* 291, *a.*)

The release, therefore, in this case, was such as to make the person released, Beall, competent as a witness for the plaintiff in error, on the trial in the Court below.

[2.] The examinations of witnesses on interrogatories, are to be read at the trial, on motion of either party. (*Jud. Act of* 1799, *Pr. Dig.* 425.)

The plaintiff in error had the right, therefore, on the trial in the Court below, to read the examination of Beall on interrogatories, propounded to him by the defendant in error.

In both of the decisions excepted to, therefore, the Court below erred. There should, consequently, be a new trial.