## 8976.  BYRD *v.* BYRD.

1. The action being for money had and received, which the plaintiff testified was given to the defendant for the specific purpose of aiding in the purchase of a home to be occupied jointly by them, and there being testimony by the defendant to the effect that the plaintiff gave the money to her under an agreement that she would take care of and provide for the plaintiff during the remainder of the plaintiff's life, the verdict in favor of the defendant was authorized.

2. Failure to give to the jury an instruction not requested, as to the shifting of the burden of proof, was not ground for a new trial.

3. Evidence taken by depositions was not excluded from the consideration of the jury by the charge of the court that in determining as to the credibility of witnesses the jury "may look to them as they appear on the stand, take their manner," etc.

4. The instructions complained of as making a recovery depend on a demand for a return of the money in question were not prejudicial to the plaintiff. There was no issue as to a demand, it being admitted by the defendant that such a demand was made.

5. There is no substantial merit in the ground of the motion for a new trial in which it is alleged that the court erred in charging the jury that if the money in question was delivered to the defendant with the intention on the part of the plaintiff that the title to it should pass to the defendant, either as a gift or as consideration for a contract that the defendant should take care of her during the remainder of her life, the plaintiff could not recover in this action, but her remedy would be a suit for damages for breach of contract.

DECIDED MAY 16, 1918.

Action for money had and received; from Gordon superior court —Judge Tarver.  May 5, 1917.

*F. A. Cantrell, T. W. Skelly, J. G. B. Erwin Jr., M. B. Eubanks,* for plaintiff, cited, as to form of action: 27 Cyc. 862; *Citizens Bank* v. *Rudisill,* 4 Ga. App. 37-40; Burke *v.* Nutter, (W. Va.), 91 S. E. 812.  Revocation of gift: Rountree *v.* Smith, 152

Ill. 493; Berry *v.* Berry, 31 Iowa, 415; Vounche *v.* Marksville, .124 La. 712; Baker *v.* Baker, 125 La. 969; Williamson *v.* Johnson, 62 Vt. 378; Pemberton *v.* Pemberton, 22 Mo. 338; Hosner *v.* Tiffany, 100 N. Y. S. 797; Eskridge *v.* Farrar, 30 La. 718.

*Starr & Paschall, A. L. Henson,* for defendant, cited: 27 Cyc. 849-50; *Bates-Farley Savings Bank* v. *Dismukes,* 107 *Ga.* 212.

WADE, C. J. 1. The plaintiff in error brought an action for money had and received against her daughter-in-law, to recover $1,531, which she testified she had given to the defendant for the specific purpose of aiding in the purchase of a home to be occupied jointly by them. The defendant answered and testified that the money was given to her under an agreement that she would take care of and provide for the donor during the remainder of her life. The evidence was in conflict as to the consideration or condition of the gift, and the jury were authorized to find in favor of the contention of the defendant.

(*a*) It is well settled that where a conveyance of land is charged with the support and maintenance of the grantor, the conveyance will not be defeated by a mere failure of the grantee to carry out his obligations (*McCardle* v. *Kennedy,* 92 *Ga.* 198 (17 S. E. 1001, 44 Am. St. R. 85); *Lindsey* v. *Lindsey,* 62 *Ga.* 546; *Davis* v. *Davis,* 135 *Ga.* 116 (69 S. E. 172), though ordinarily an action will lie for the value of the support, or where the special facts authorize it, an action in equity for rescission might lie. The mere fact that the grantee is a non-resident of the State constitutes no ground for cancellation in equity. *Davis* v. *Davis,* supra. This much is said by the way, since the action was not based upon the withholding of the care of and the provision for the plaintiff which the defendant asserted was the consideration upon which the money was given to her.

2. There is no merit in the ground of the motion for a new trial which complains of the failure of the court to instruct the jury that "when the plaintiff established her ownership of the money in question, delivery to defendant, and a demand for its return, the burden of proof would be shifted from plaintiff and would rest upon defendant to establish her counter-allegation that the money was delivered to her as a gift by the plaintiff," notwithstanding the general instruction of the court that "the burden is upon plaintiff to establish her contention by a preponderance of

the evidence." · "Where the presiding judge, in an ordinary action at law, correctly charges the jury in regard to the general burden · of proof, he is not required, as an essential part of the charge, to discuss the shifting of the burden of introducing evidence on special points which may arise during the progress of the case; and it will not be held error that he omits to do so." *Hawkins* v. *Davie,* 136 *Ga.* 550, 552 (71 S. E. 873). See also *Martin* v. *Nichols,* 127 *Ga.* 705, 709 (56 S. E. 995); *Brandon* v. *Pritchett,* 133 *Ga.* 480 (66 S. E. 247); *Central of Georgia Ry. Co.* v. *Manchester Mfg. Co.,* 6 *Ga. App.* 254 (64 S. E. 1128); *Temples* v. *Central Railway Co.,* 19 *Ga. App.* 307, 310. In the absence of any request touching the shifting of the burden of proof, the omission complained of was not reversible error.

3. There was evidence from witnesses who testified in person and also from witnesses testifying by depositions, and one ground of the motion for a new trial complains of a certain excerpt from the charge of the court because the court did not call the attention of the jury to the testimony given by depositions, and gave no special rule for weighing the same, and that this had "the practical effect of excluding from the consideration of the jury the testimony delivered by depositions, inasmuch as the witnesses did not appear before the jury so as they could observe their manner on the stand." The excerpt referred to is as follows: "In determining the credibility of the witnesses, you may look to them as they appear on the stand, take their manner, their relation to the parties and to the case, their interest or want of interest in the case, and feeling, prejudice, or bias, if anything of the sort appears from the evidence." It is true that where evidence includes interrogatories and various documents as well as oral testimony, it is error for the court to instruct the jury that "the evidence is what the witnesses swear before you on the stand." *Bowden* v. *Achor,* 95 *Ga.* 243 (11), 245 (22 S. E. 254). Documentary evidence properly introduced should not be thus excluded (*McLean* v. *Clark,* 47 *Ga.* 26; *Myers* v. *State,* 97 *Ga.* 79, 25 S. E. 252; *Western & Atlantic R. Co.* v. *Tate,* 129 *Ga.* 526 (3), 529, 59 S. E. 266); but in this case the court expressly instructed the jury that "*all* [italics ours] evidence which has been allowed to go before you in this case has been admitted solely in so far as it may throw light" upon the issues of fact involved; and nowhere was

it suggested that the jury should consider *alone* the testimony of the witnesses appearing in person, or that such testimony *alone* constituted the evidence in the case.   Clearly the evidence taken by depositions was not excluded by the instruction of the court as to the proper manner of weighing the testimony of the witnesses appearing upon the stand.   See, in this connection, *Jones* v. *Mc-Elroy,* 134 *Ga.* 857 (68 S. E. 729, 137 Am. St. R. 276) ; *Martin* v. *Hale,* 136 *Ga.* 228 (71 S. E. 133).   The failure to direct the jury how they should weigh the testimony of the witnesses whose evidence was given by depositions can not be cause for reversal where no appropriate request is made for any specific instruction on this line.   *Killian* v. *State,* 19 *Ga. App.* 750 (3) (92 S. E. 227).

4.   There is no merit in the ground of the motion for a new trial complaining that the court erred in making a recovery depend upon an antecedent demand for the money sued for.   A demand was admitted by the defendant; and even if the instruction were for any reason erroneous, it could not possibly have prejudiced the plaintiff's case.

5.   There is no substantial merit in the only remaining special ground of the motion for a new trial.   See, in this connection, subdivision (a) of the first division of this decision.

6.   There being evidence to sustain the verdict in behalf of the defendant, and the trial judge having declined to set the verdict aside, under the discretionary power vested in him, which is not possessed by this court, and there being no error of law that requires a new trial, the judgment of the trial court must be

*Affirmed.   Jenkins and Luke, JJ., concur.*