16757, 16797. DARDEN *v.* MAYOR AND COUNCIL OF WASHINGTON; and *vice versa.*

STEPHENS, J. 1. While, as against one who maintains a system of electrically charged wires, the inference of negligence in the maintenance of the wires is authorized by the fact that one of the wires, charged with electricity, is found hanging loose in a dangerous situation, this inference is not demanded as a matter of law, but it is an inference of fact only which the jury is authorized, but is not legally obligated, to draw. *Chenall* v. *Palmer Brick Co.*, 117 *Ga.* 106, 108 (43 S. E. 443); *Palmer Brick Co.* v. *Chenall*, 119 *Ga.* 837 (47 S. E. 329); *Augusta Railway & Electric Co.* v. *Weekly*, 124 *Ga.* 384 (52 S. E. 444); *City of Thomaston* v. *Atkinson*, 25 *Ga. App.* 615 (103 S. E. 876). It follows therefore, that upon the trial of an action in tort for personal injuries received in coming in contact with a wire charged with a high voltage of electricity, which it was alleged hung down from a pole in a dangerous situation as a result of the defendant's negligence, the court did not err in submitting to the jury, as an issue of fact, whether or not the defendant was guilty of negligence as alleged.

2. In such a suit a charge that "if the plaintiff has shown . . by a preponderance of the evidence that he was injured and damaged as alleged in his petition, then the presumption would be that the defendant was negligent," does not amount to an instruction that the plaintiff must prove the alleged negligence by a preponderance of the evidence. Especially is the charge not error for this reason when elsewhere in the charge of the court the jury were plainly instructed to the effect that an inference arose against the defendant upon proof that its wire was found hanging loose in a dangerous situation, charged with electricity.

3. Since the legal standard of care in all cases, including the care and maintenance of electrically charged wires, is that which a reasonably prudent man would exercise under similar circumstances, and is therefore ordinary care, the court did not err in failing to hold the defendant to the standard of *extraordinary* care and diligence as respects the maintenance of its wires, but properly held the defendant to the standard of *ordinary* care in this respect. *Denson* v. *Georgia Railway & Electric Co.*, 135 *Ga.* 132 (68 S. E. 1113).

4. Where, in the trial of such a case, it appears from the evidence, includ-

.ing the evidence as to admissions by the plaintiff, that the wire which was charged with electricity and which caused the plaintiff's injury was broken and hanging down from a pole, and the end of the wire was resting in some shrubbery in the plaintiff's yard, and where it further appears, from evidence as to admissions made by the plaintiff, that he, while pruning the shrubbery, saw the wire and caught hold of it with his hand for the purpose of moving it out of his way, and where it further appears from the evidence that the plaintiff heard a noise outside of his house the night before, which indicated to him that a wire was "burning or bursted," and that the next morning he "looked out to see if there was anything wrong with the wire" and found nothing wrong, the inference is authorized that the condition of the wire in hanging broken from the pole was exposed to view, and that this condition of the wire was either seen by the plaintiff or could have been seen by him in the exercise of due care and diligence, and the court did not err in charging the jury in the language of section 4530 of the Civil Code (1910), as follows: "Notice sufficient to excite attention and put a party on inquiry is notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, is equivalent to knowledge in fixing the rights of parties."

5. Depositions may, in the discretion of the court, be read in evidence by the other party to the case notwithstanding the presence of the witness in court. *Bond* v. *Carter*, 14 *Ga.* 697; *McArdle* v. *Bullock & Radcliff*, 45 *Ga.* 89; *Western & Atlantic R. Co.* v. *Bussey*, 95 *Ga.* 584 (23 S. E. 207); *Southern Ry. Co.* v. *Dickson*, 138 *Ga.* 371 (2) (75 S. E. 462).

6. A charge to the jury as follows: "You must discover [the] truth from the evidence which you have received from the stand, that is, which has been introduced on the trial of this case; you are bound by the evidence received from the stand, and from it alone you must discover the truth," is not error where it appears that all the documentary evidence introduced (except possibly the depositions which the plaintiff objected to) was identified by witnesses upon the stand. *Henrich* v. *McCauley*, 154 *Ga.* 855 (115 S. E. 655); *Hamilton* v. *State*, 18 *Ga. App.* 295 (10) (89 S. E. 449); *Byrd* v. *Byrd*, 22 *Ga. App.* 354 (3) (96 S. E. 10). Moreover, if this charge was in any wise harmful to the plaintiff, its harmful effect was cured by the court in subsequently instructing the jury that they must "look to all the evidence and circumstances of the case and seek the truth."

7. The charge of the court, fairly to the plaintiff, submitted all issues to the jury. It was not subject to the objection that it submitted as issues in controversy any matters not disputed.

8. The verdict found for the defendant was authorized, and no error appears.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed.*
*Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 27, 1926.

Action for damages; from Wilkes superior court—Judge Perryman. July 27, 1925.

*Clement E. Sutton,* for plaintiff.

*William Wynne, B. W. Fortson,* for defendant.