18899. INFORMATION BUYING COMPANY *v*. MORGAN.

DECIDED FEBRUARY 20, 1929.

*Jackson & Moore*, for plaintiff. *D. K. Johnston*, for defendant.

STEPHENS, J. Information Buying Company, as transferee of Salary Investment Company, brought suit in the municipal court of Atlanta against H. A. Morgan, alleging: that the defendant on a certain date by a written assignment transferred his earned salary for a particular period to Salary Investment Company, which transferred this assignment to the plaintiff, that the defendant collected from his creditor the salary which he had transferred to Salary Investment Company and appropriated it to his own use, that this act by the defendant was "fraudulent" and "defrauded" the plaintiff, to its damage, etc. The petition was dismissed on demurrer upon the ground that it appeared from the petition that the transfer of the salary assignment by the assignee, Salary Investment Company, to the plaintiff, Information Buying Company, was a transfer or an assignment of a cause of action

originating in and arising out of fraud, and was therefore not assignable. This judgment of the trial judge sustaining the demurrer was affirmed by the appellate division of the municipal court, one of the judges therein, the Hon. A. L. Etheridge, dissenting. The judge of the superior court refused to sanction a petition for certiorari presented by the plaintiff, excepting to this judgment of the appellate division. To the refusal to sanction the petition for certiorari the plaintiff excepted.

Without undertaking to reconcile *Covington* v. *Rosenbusch,* 148 *Ga.* 459 (97 S. E. 78), in which it was held that the collection and appropriation to his own use of salary or wages by the assignor thereof under a salary assignment is "a wilful and malicious injury to property," with *Blocker* v. *Boswell,* 109 *Ga.* 230 (34 S. E. 289), where it was held that a conversion of personal property which is a basis of an action for trover is not an injury or damage to personal property in the sense of that clause of the constitution of this State conferring upon justices of the peace jurisdiction in cases of "injuries or damages to personal property," the right of the assignee of a salary assignment to recover of the assignor thereof for an interference by the assignor in collecting the salary and appropriating it to his own use, whether this right arises ex contractu or ex delicto, involves a right of property. Although the assignor's act in collecting the salary which he has assigned, and in converting it to his own use, may be a fraud upon the assignee, the assignee's right to recover of the assignor for damage arising out of such conduct is not a right arising out of fraud on the assignee. It is a right to recover, not for an injury resulting from fraud alone, but for an injury to the assignee's property right in the fund assigned. The assignee's right to recover for such an injury is not even limited to an action ex delicto. He may recover in an action ex contractu as for money had and received. *Atlanta Finance Co.* v. *Lunsford,* 32 *Ga. App.* 787 (124 S. E. 813) ; *Milltown Lumber Co.* v. *Carter,* 5 *Ga. App.* 344 (63 S. E. 270).

The assignee's right as against the assignor, to recover for damage sustained by the assignor's collecting the salary assigned and converting it to his own use, not being a right based upon fraud by the assignor to the assignee, is not unassignable under § 3655 of the Civil Code of 1910, which provides that "a right of action is not assignable if it does not involve, directly or indirectly, a right

of property; hence a right of action for personal torts or for injuries arising from fraud to the assignor can not be assigned." Being a right involving "a right of property," which is enforceable not only by an action ex delicto, but possibly by an action ex contractu, it is under the authority°of § 3655 of the Civil Code of 1910, and *Sullivan* v. *Curling*, 149 *Ga.* 96 (99 S. E. 533, 5 A. L. R. 124), assignable by the assignee.

Therefore the right of action vested in Salary Investment Company, the assignee of 'the salary assigned under a written salary assignment executed by H. A. Morgan as the assignor, to recover against H. A. Morgan, whether in an action ex delicto or in one ex contractu, for damages arising out of his act in collecting the salary and converting it to his own use, was assignable by Salary Investment Company; and therefore its assignee, Information Buying Company, transferee, had the right to maintain the suit. The judge of the municipal court erred in sustaining the demurrer to the plaintiff's petition, and the judge of the superior court erred in not sanctioning the plaintiff's petition for certiorari, excepting to the judgment of the appellate division of the municipal court which affirmed the judgment sustaining the demurrer.

*Judgment reversed.    Jenkins, P. J., and Bell, J., concur.*