29659.   CITY OF DUBLIN v. HOWELL.

DECIDED DECEMBER 3, 1942.

*Nelson & Nelson,* for plaintiff in error.   *E. L. Stephens,* contra.

GARDNER, J.   Mrs. R. Howell sued the City of Dublin for $2500 damages for injuries received when she "stepped in and fell into a hole or gully which was in and across a street or sidewalk on which she was walking." The allegations of the petition and the evidence in support of them were extensive. Plaintiff obtained a verdict for $300. The court overruled the defendant's motion for new trial and it excepted. The case here, as admitted by counsel for plaintiff in error, is "almost wholly factual." After a careful reading of the record we are convinced that this statement of able counsel practically covers the case. Under the whole record the verdict was authorized. The evidence sustained it.

Special grounds 1, 2, 3, 4, and 8 deal with objections to testimony to the effect that there were no street lights burning near the alleged defect in the sidewalk or street. While it is true that a city is not legally bound to light the streets, yet this evidence was admissible as a circumstance which might be considered along with other testimony to the effect that there was no signal warning device of any kind to indicate the dangerous condition of such passageway, which the city should have provided if it had knowledge of such defect as the evidence tended to show.

Grounds 5, 6, and 7 assign error on the admission of testimony over objections to the effect that the testimony went to prove (a) that approximately two weeks before the alleged injury another person had fallen because of the same defect in the passageway, and (b) that the testimony was not in rebuttal and came after the plaintiff and the defendant had rested the case. The first objection is without merit because the evidence tended to show that the defect had been in the street such length of time that the defendant by the exercise of ordinary care should have discovered it. As to the second objection, from a reading of the entire evidence we are not in position to say that it was not in some measure in rebuttal to the evidence of movant.

Ground 9 assigns error on an excerpt from the charge, and ground 10 on a failure to give a written request to charge. The charge as a whole was full, fair, and adjusted to cover all the issues raised by the pleadings and the evidence. It was not subject to the criticism embraced within these grounds. Movant earnestly insists that if the plaintiff was entitled to recover at all, according to her allegations and the evidence in support thereof with reference to the extent of her injuries, she was entitled to the full amount sued for and, a fortiori, a $300 verdict arose from sympathy instead of facts. We are loath to approve this imputation against the jury who returned the verdict and the learned judge who approved it. Rather, it would seem from this record that both the plaintiff and the defendant were negligent, but the plaintiff in a smaller degree than the defendant. The court charged this principle to the jury, and no doubt the jury conscientiously compared the negligence of both parties, and found that while both had been negligent, the negligence of the plaintiff had been less than that of the defendant. The $300 verdict was authorized.

We deem it unnecessary to detail the evidence at length, or to cite authority on the simple principles involved. The motion to assess damages for delay is denied.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*