20214. HAYSLIP *v.* SPEED CHECK COMPANY *et al.*

SUBMITTED SEPTEMBER 10, 1958—DECIDED OCTOBER 10, 1958.

*Alton T. Milam, Lucile I. Milam,* for plaintiff in error.
*Henry M. Hatcher, Jr., Johnson, Hatcher & Meyerson,* contra.

WYATT, Presiding Justice. Hayslip sues as assignee of Black. The instrument sued upon provides that Hayslip covenants to buy a one-half interest in the patent in question for $15,000, which is to be paid in one year from the date of the instrument. In the meantime, Hayslip is to pay Black a royalty of 2 1/2 % on all tags sold, and title is to remain vested in Black "and this agreement shall in said interim be construed as a license from party of the first part to party of the second part to manufacture and sell pursuant to said patent." The instrument executed by Black on January 17, 1958, acknowledges receipt of $1, for which Black conveys to Hayslip "any and all rights and causes of action which I may have against any person or persons for violation of my interest in, for infringement of my rights under, and/or for damages to my interest under patent No. 2,455,009."

It is clear that the plaintiff in error at this time owns nothing in so far as this patent is concerned except the right to manufacture the product upon the payment to Black of a royalty upon the units manufactured, together with an attempted transfer by Black to Hayslip of a cause of action for violation of his alleged patent rights. It therefore follows that plaintiff in error does not have such title to the patent as will authorize him to bring suit for the patent as against the defendants in error.

In so far as infringement of the patent rights is concerned, it is clear that the Federal courts and not the State courts have jurisdiction. Cinema Patents Co., Inc. *v.* Columbia Pictures Corp., 62 Fed. 2d 310.

In so far as the suit is based upon an attempted assignment

or transfer of a mere naked cause of action, this court has said: "A bare right to file a bill or maintain a suit is not assignable." *Marshall* v. *Means*, 12 *Ga.* 61 (56 Am. D. 444). "A right of action for injuries arising from fraud can not be assigned." *Morehead* v. *Ayers*, 136 *Ga.* 488 (1) (71 S. E. 798). "A right of action for injuries arising from fraud is not assignable." *Couch* v. *Crane*, 142 *Ga.* 22 (8) (82 S. E. 459). "A bare right to file a bill in equity or maintain a suit is not transferable." *Security Feed &c. Co.*, v. *NeSmith*, 213 *Ga.* 783 (102 S. E. 2d 37).

It follows, the petition of the plaintiff in error was properly dismissed on general demurrer.

*Judgment affirmed. All the Justices concur.*