## 47460. RICKETTS et al. v. LIBERTY MUTUAL INSURANCE COMPANY.

CLARK, Judge. This is an appeal by two out of three defendants against whom Liberty Mutual Insurance Co. had obtained judgment in a trover action. We will refer to Liberty Mutual Insurance Co. as plaintiff and appellants as defendants, their respective positions below.

The gravamen of Liberty Mutual's action against McNamee, Ricketts d/b/a South Cobb Auction Company, and Smith d/b/a Smith's Sales Company, is contained in paragraph 4 which reads: "On or about August 12, 1967, defendants, jointly and severally, converted to their own use a quantity of rugs or carpets, of the value of $14,-667.93 to which plaintiff claims title or a valuable interest therein, the right to possession thereof, and the right to recover from defendants the value thereof as a result of the aforesaid conversion."

Ricketts and Smith filed answers jointly with McNamee filing a separate answer. Their answers were substantially similar. In addition to general denial defendants averred they were bona fide purchasers for value. Other defenses pertinent to this appeal were an allegation that plaintiff was not the proper party to sue, that the goods alleged to have been converted "were worthless or had a nominal market value since they were salvage merchandise and would command only a nominal market value at the time that they were converted and at all times subsequent thereto, that they were not jointly and severally liable and that the F. B. I. recovered possession of all or most of the goods alleged to be converted by the defendants."

At a two-day trial in February of this year the evidence developed that in August 1967 Murdock Freight Trailer No. 542 containing a cargo of rugs, bedspreads, throw rugs and assorted other cotton goods received from various shippers was stolen. The trailer was discovered with its entire contents missing. As a result of police investi-

gation Robert Lee Rice entered a guilty plea for theft from interstate shipment, he having been the driver of the tractor which removed the trailer containing the merchandise. Defendant McNamee was acquitted in the U. S. District Court. The other two defendants were not charged with any crime.

Evidence introduced by plaintiff included an expert who testified he was familiar with the contents of the stolen trailer which he identified as new merchandise with a value range from $15,000 to $25,000. Liberty Mutual's claims supervisor testified his company had taken assignments from 52 firms who had completed claims on proof of loss forms with bill of lading attached for a total of $14,556.61 from which $228 was to be deducted through salvage.

McNamee acknowledged selling the entire cargo to Smith while it was in a Murdock trailer for $5,500; Smith obtained a receipt from McNamee showing he had paid $7,500 which was McNamee's original asking price. Smith in turn sold one-half of the purchased cargo to Ricketts for $3,750.

There was no direct evidence that any of defendants had knowledge that the merchandise involved over which they exercised dominion and control either in part or as a whole was stolen, though circumstances, including the purchase and sale prices, may authorize an inference of such knowledge.

At the conclusion of all testimony Liberty Mutual moved for a directed verdict in its behalf on the sole issue of conversion, basing this on the admissions contained in the answers filed by the three defendants as to their purchase by each of all or part of the stolen merchandise and their similar admissions under oath and in open court. The trial judge granted this motion which left to the jury the amount of the verdict. The verdict was for $12,000.

All three defendants filed motions for new trial on general grounds with Smith and Ricketts being joint movants

and McNamee individually. Ricketts and Smith amended their joint motion for new trial setting forth in the additional grounds numerous errors that are included in their enumerations of error and which will be dealt with in this opinion.

From the overruling of their motion for new trial as amended Ricketts and Smith have taken this appeal. McNamee is not a participant in this appeal. *Held:*

1. Enumerations Nos. 1 and 2 dealt with the general grounds of the new trial motion. There is no merit in these contentions since each defendant admitted converting the merchandise to his own use and exercising dominion and control thereof. Accordingly the trial court correctly directed a verdict against the defendants on the sole issue of conversion. The verdict of $12,000 was within the range of the evidence. As noted in our statement of facts Liberty Mutual's expert testified the value ranged from $15,000 to $25,000 at the time of conversion and Liberty Mutual's claims supervisor showed his company had actually paid $14,556.61 to fifty-two claimants, they being shippers or consignees, who were required to prove their claims to the satisfaction of Liberty Mutual. The verdict was below these amounts but in excess of the amounts of $5,500 paid by Smith and $3,750 paid by Ricketts for one-half. This question of amount was thus for the jury to determine.

2. Enumeration No. 3 attacks the ruling made by the trial judge in permitting a representative of Liberty Mutual to remain in the courtroom after the sequestration rule had been invoked. The trial judge correctly pointed out that the operation of this rule is within the court's discretion. See citations listed under *Code Ann.* § 38-1703 under caption "Discretion of Court." Since the representative who was thus permitted to remain in the courtroom testified solely concerning the assignments made by the shippers and consignees to Liberty Mutual and the defendants were in no way prejudiced, it is clear there was not abuse of the court's discretion.

3. Enumerations Nos. 4 and 5 attack the admission of cer-

tain documents on the basis they were not the best evidence and that the proper foundation was not made to account for the originals for admission of photostatic copies. Enumeration No. 4 referred to freight bills prepared by Murdock Freight Lines in the normal course of business and were identified as true and correct copies of the original documents which had been delivered to a bank in order to receive payment for the shipment. Testimony further established that the copies had to be maintained for a certain time to conform with I. C. C. Rules and Regulations.

Similar objection was made to plaintiff's exhibit No. 2 which was the freight manifest on Murdock's Trailer No. 542. This too was made in the regular course of business and the original was accounted for by showing that it had been delivered to the F. B. I. and was no longer under the control of the witness or Murdock Freight Lines.

"Records which are made in the regular course of a business and which constitute a memorandum or record of any part of a transaction in issue are admissible." *Franco v. Bank of Forest Park,* 118 Ga. App. 700 (5) (165 SE2d 593). Here the requirements of *Code Ann.* §§ 38-710 and 38-711 were satisfied, so the documents were admissible. *Smith v. Smith,* 224 Ga. 442 (162 SE2d 379); *Crook v. Elliott,* 96 Ga. App. 314 (99 SE2d 842); *Williams v. American Surety Co.,* 83 Ga. App. 66 (62 SE2d 673). See also *Guthrie v. Berrien Products Co.,* 91 Ga. App. 45 (84 SE2d 596).

4. The 6th enumeration attacks the reading of the deposition of Rice, the convicted thief, on various grounds including inconsistencies and hearsay. While some of the attacks may be legally proper the errors, if any, were harmless, particularly in the light of sufficient palpably admissible evidence from other witnesses including defendants on the same matters.

5. The next enumeration of error carries No. 8, there being no enumerated error No. 7. This attacks the allowance of the deposition of a witness who was within the jurisdic-

tion and subject to subpoena. Defendants aver this witness should have been produced "so that the jury could observe the demeanor and manner of testifying." They also contend that they were denied "their right to cross examination and confrontation of witnesses against them." Inasmuch as the deposition of this witness was taken after notice to defendants and with counsel of record for all parties present, the use thereof was in the discretion of the trial judge. *Code Ann.* § 81A-126 (d) (4). Even prior to the liberalization of our procedure with the enactment in 1966 of our Civil Practice Act, this court had ruled that depositions, in the discretion of the court, could be read in evidence even if the witness were present in court. *Darden v. Mayor &c. of Washington,* 35 Ga. App. 777 (6) (134 SE 813). In fact, as far back as 1853 our Supreme Court held that either party had this right. *Bond v. Carter,* 14 Ga. 697. The trial judge properly exercised such discretion.

6. The next three enumerations of error attack the testimony of the claims supervisor of Liberty Mutual who had been in charge of handling all claims concerning the stolen merchandise. No. 9 contends the testimony concerning the connection between Liberty Mutual and their insured, Murdock Freight Lines, as being hearsay and offered for the purpose of proving title. Even if it were hearsay its admission was not harmful and title was not proved in this way but through the bills of lading of the owners of the merchandise and their written assignments to Liberty Mutual. The contention that the valuations established by the fifty-two claimant shippers and consignees did not show whether they were wholesale or retail is without merit. The books and records designated plaintiff's exhibit No. 4 were identified as the original records maintained by Liberty Mutual and therefore admissible under *Code Ann.* § 38-711 as business records. This same rule applied to the introduction of the original bills of lading which served to establish title as well as the values placed by the shippers and consignees.

7. Enumerated errors Nos. 12, 13 and 14 attack the absence of the insurance policy under which the claims were paid. There is no merit in these contentions as the instant action was a trover suit based upon the assignments transferring title executed by the fifty-two owners of the stolen merchandise to give right of title in Liberty Mutual. The policy itself was irrelevant as plaintiff sued both as assignee and as subrogee and proved its right to recover as such and not under the policy.

8. The 15th and 18th enumerations of error deal with the refusal of the court to sustain defendants' motion for a directed verdict based on (1) absence in the original complaint of any allegation as to title having been acquired by assignment and (2) failure of plaintiff to carry the burden of proof as to amount of damages sufficient to enable computation by the jury.

As to the first, the original assignments were in evidence. Additionally, under notice pleading the absence of such averment is of no consequence. Concerning the second, the judge observed documents had been introduced showing valuations placed by each assignor on specific merchandise with payments by Liberty Mutual so that it was for the jury to determine "the highest amount ... between the time of the conversion and the trial" in conformance with *Code* § 107-103. The trial judge was correct.

9. The 16th enumeration avers the court erred in restricting the examination of defendants with reference to their good intentions and the manner in which they conducted their salvage business. This was properly excluded since the sole issue was conversion. The intent of defendants in connection with the conversion is no defense as the measure of damages is the value of the goods converted. As was said in *Lovinger v. Hix Green Buick Co.*, 110 Ga. App. 698, 699 (140 SE2d 83): "It is immaterial that such dominion was exercised in good faith, for 'Whoever meddles with another's property, whether as principal or agent, does so at his peril, and it makes no difference

that in doing so he acts in good faith . . .' *Miller & Miller v. Wilson,* 98 Ga. 567, 569 (25 SE 578, 58 ASR 319). It is thus established that 'The fact that possession of stolen property, unlawful as against the true owner, may have been acquired in good faith will not prevent such possession from operating as a conversion against the true owner.' *Sappington v. Rimes,* 21 Ga. App. 810 (1) (95 SE 316); *Wyatt v. Singley,* 103 Ga. App. 182 (118 SE2d 841)."

10. The 17th enumeration attacks the granting of the motion by plaintiff for directed verdict on the issue of conversion. The court did not err since each of the defendants admitted purchasing the property both in their pleadings and in their testimony. This left for determination of the jury the sole question of value of the goods converted. *Guardian Discount Co. v. Settles,* 114 Ga. App. 418 (151 SE2d 530).

11. The 19th enumeration argues Liberty Mutual did not carry the burden of proof of title to the property or right to possession and failed to show a demand for possession and refusal to surrender so that the court erred in directing a verdict on conversion. "A chose in action arising from a tort is assignable where it involves, directly or indirectly, a right of property." *Sullivan v. Curling,* 149 Ga. 96 (1) (99 SE 533, 5 ALR 124). This includes a right of action based on conversion of personal property. *Information Buying Co. v. Morgan,* 39 Ga. App. 292 (147 SE 128). The record contains fifty-two original assignments from the owners of the stolen merchandise placing title in Liberty Mutual. It was not necessary to prove a demand for possession and refusal to surrender under the facts of this case where the answers constituted an admission in judicio of dominion and control by defendants and their testimony showed conversion. The trial court correctly instructed the jury that the sole question for determination by it was the value of the goods.

12. The 20th enumeration deals with the refusal of the trial court to include eleven requests to charge. The 21st

enumeration of error deals likewise with these requests to charge and avers that the charge as given was misleading. Our examination discloses no error.

13. As the 22nd enumeration of error is not argued in appellants' extensive brief we must treat it as abandoned.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

ARGUED SEPTEMBER 14, 1972—DECIDED OCTOBER 4, 1972—REHEARING DENIED NOVEMBER 1, 1972.

*Ray Gary, Robert E. Bach, Mary B. Kerr,* for appellants.
*Greene, Buckley, DeRieux & Jones, Thomas B. Branch, III, Hugh Robinson, Jr.,* for appellees.