## 31214. WILLIAMS et al. v. MATHIS.

JORDAN, Justice.

This is an appeal from the final order of the trial court wherein it adopted the special master's report finding the appellee herein to be the owner in fee simple of the land in dispute.

Appellee Mathis filed an action to clear title under the provisions of Code Ann. § 37-1411 et seq., alleging title to certain lands lying in land lot 254 in the 10th land district of Crisp County, Georgia. Appellants Williams et al. filed an answer alleging ownership of the disputed land. The trial court submitted the matter to a special master under the provisions of Code Ann. § 37-1413, who after due notice to all parties concerned and after a full hearing thereon, rendered findings of facts and conclusions of law which placed fee simple title to the disputed lands in the appellee Mathis. These findings of fact and conclusions of law were adopted by the trial court and its decree rendered accordingly.

The sole enumeration of error is that the trial court erred in adopting the special master's report finding the appellee Mathis to be the owner of the disputed lands.

The documentary evidence adduced at the hearing before the special master, consisting of deeds in the chain of title of the appellant and the appellee, clearly authorized the special master's finding that "the record boundary between plaintiff and defendants is the common line of land lot no. 254 and land lot no. 255." Appellants at said hearing introduced evidence which they contend showed adverse possession of the disputed lands for more than 20 years and which also showed evidence of

acquiescence in an agreed boundary line for more than seven years. After hearing the evidence, including the testimony of two surveyors, one on behalf of the appellant and one on behalf of the appellee, the special master made a finding of fact that the evidence presented was not sufficient to show right of title by adverse possession or otherwise to any of the lands in dispute and concluded as a matter of law that the evidence submitted shows Mathis to have an absolute fee simple title in the disputed lands.

After a thorough consideration of this record we are of the opinion that while the evidence may have authorized a finding in appellant's favor, it did not demand such a finding and we therefore affirm.

In *Cooper v. Rosser,* 232 Ga. 597 (1) (207 SE2d 513) (1974), we said: "With reference to actions in superior court tried upon the facts without a jury, as in this case, Code Ann. § 81A-152 (a) provides in part: 'Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witness.' This court has consistently held that even though the findings of fact contended for by the appellants would have been authorized by the evidence presented on the trial, yet, where the facts found by the trial court were authorized by the evidence such findings will not be set aside. *Brook Forest Enterprises v. Paulding County,* 231 Ga. 695 (203 SE2d 860); *Balkcom v. Vickers,* 220 Ga. 345 (138 SE2d 868); *Lockwood v. Daniel,* 194 Ga. 544, 548 (22 SE2d 85)."

We cannot conclude that the findings of fact made by the special master and adopted by the court were clearly erroneous or that there was no evidence to authorize such findings of fact and conclusions of law.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 15, 1976 — DECIDED JULY 9, 1976 — REHEARING DENIED JULY 20, 1976.

*Rogers & McCord, John R. Rogers,* for appellants. *G. Mallon Faircloth,* for appellee.