## 60933. PEMBROOK MANAGEMENT, INC. et al. v. COSSABOON.

BIRDSONG, Judge.

Personal Injury — Tort Liability. Pembrook Management, Inc. is the managing agent for Corporate Property Investors who in turn are the fee owners of Lenox Square, an Atlanta shopping center. On October 22, 1978, the appellee Ms. Cossaboon rode her bicycle to work, a location directly across the street from an entrance to the shopping center. At about noon on that day, Ms. Cossaboon left her place of employment and entered the parking area of Lenox Square for the purpose of utilizing the facilities of a self-service branch bank, one of the shopping center tenants. She followed the normal traffic pattern to the bank, cashed a check and proceeded to make her exit from the shopping center by one of the normal exit routes. Her path of exit carried her over a drainage ditch covered by a cast iron grill which extended across the entire roadway. These grills had been in place since the opening of Lenox Square a number of years prior to 1978. The spaces between the grills ran in the same direction as the flow of traffic. Ms. Cossaboon had no recollection of her journey home, but eyewitnesses reported seeing Ms. Cossaboon riding her bicycle toward the grill and as the bicycle went over the grill area, apparently the front wheel dropped into the space between the grill bars, causing the bicycle to stop abruptly and pitching Ms. Cossaboon over the handlebars. She landed on her face, cracking twelve teeth, breaking one in half, fractured her nose, received a through and through cut in her lips from the teeth, deep rub abrasions on her face, and suffered a basilar skull fracture. After a jury trial, Ms. Cossaboon was awarded a $77,000 jury verdict which was made the judgment of the court. Appellants (Lenox Square's owner and manager) bring this appeal enumerating 21 alleged errors. *Held:*

1. In their first three enumerations, appellants raise the question of the sufficiency of the evidence upon the general grounds. The only real questions here presented go to whether there was sufficient evidence to show that Pembrook (as agent for the owners) routinely accepted bicycle riders on the premises as invitees, did not make any special provisions for their safety in traversing the several avenues of travel upon the areas surrounding the shopping center, was aware of the potential hazard to bicycle riders inherently·

presented by passage over the grill gaps, that the unsafe condition was the proximate cause of the injuries to Ms. Cossaboon, and that Ms. Cossaboon did not contribute to her own injuries by negligently failing to observe the danger to a bicycle rider when crossing over the grill. Our examination of the transcript reflects ample support for the jury's factual satisfaction from the evidentiary predicates for each of these considerations. In the absence of legal error, an appellate court is without jurisdiction to interfere with a verdict supported by some evidence, even where the verdict may be against the preponderance of the evidence. *Thompson v. Hill,* 143 Ga. App. 272, 276 (238 SE2d 271). In this case, even though the findings of fact as contended by Pembrook would have been authorized by the evidence presented on the trial, the facts found by the jury were authorized by the evidence. Such findings will not be set aside on the general grounds. *Williams v. Mathis,* 237 Ga. 305, 306 (227 SE2d 378). The denial of a motion for directed verdict on the same ground (enumeration of error 4) must fail for the reasons above stated. *Johnson v. Mann,* 132 Ga. App. 169 (207 SE2d 663).

2. In Enumerations 5 and 6, appellants (Pembrook and Corporate Investors) argue that the trial court erred in allowing Ms. Cossaboon to use a video deposition without first showing the non-availability of the witness. There was a dispute as to the interpretation of a stipulation concerning the use of the deposition, which the trial court could have resolved against appellants. However, the trial court based its ruling upon the determination that a doctor's occupation was such that it would work a manifest inconvenience to the public or third persons to require the doctor to attend in lieu of the use of the deposition. See Code Ann. § 81A-132 (a) (4). Moreover, the trial court ruled that access to the witness would be required before the deposition could be used, a privilege not demanded by the appellants. The use of a deposition of a witness taken after notice to the opposite party and with counsel for both parties present lies within the sound discretion of the court. *Ricketts v. Liberty Mut. Ins. Co.,* 127 Ga. App. 483, 486 (5) (194 SE2d 311). This remains true even where the witness may be present in court. *Darden v. Mayor &c. Washington,* 35 Ga. App. 777 (6) (134 SE 813). There was no error in the use of the deposition upon the basis stated.

A second facet of appellants' argument as to the use of this video deposition rests upon the appellants' contention that Ms. Cossaboon did not establish the identity or reliability of the equipment used. Pembrook did not make objection at trial to the use of the deposition on this ground and thus this presents nothing for this court to review. *Redwing Carriers v. Knight,* 143 Ga. App. 668, 671 (3) (239 SE2d 686). These enumerations lack merit.

3. Enumerations of error 8, 9, 10, 11, and 20 all deal in substance with the admission of evidence dealing with a previous bicycle accident on or near the site and of the same general type as the one involving Ms. Cossaboon. Part of this objection concerns itself with the contention that the evidence ultimately and improperly points to the negligence of Pembrook and through Pembrook to Corporate Property Investors, the issue to be decided by the jury. We disagree. The evidence was not offered to show negligence on the part of Pembrook in maintaining the drainage grill over a long period of time. The evidence was offered to show that Pembrook had knowledge of what appeared to be a defect over a long period of time. It was for the jury to determine if that defect was the proximate cause of Ms. Cossaboon's injury; whether the defect constituted negligence at all and whether Ms. Cossaboon failed to exercise reasonable care for her own safety or was guilty of a degree of comparative negligence to preclude or reduce any recovery should the jury find negligence on the part of Pembrook. Where evidence of a prior similar accident tends to show condition and knowledge of that condition, the evidence is admissible. *Bassham v. Diamond,* 148 Ga. App. 620 (252 SE2d 23); *City of Dublin v. Howell,* 68 Ga. App. 463 (23 SE2d 177). All that is required is that the prior accident be sufficient to attract the owner's attention to the dangerous condition which resulted in the litigated accident. *Wright v. Dilbeck,* 122 Ga. App. 214, 216 (4) (176 SE2d 715). This evidence falls within such a description.

Part of the objection to this evidence related to whether an agent did or could legally communicate evidence of a prior accident occurring under a prior owner to a new owner long after the accident occurred. This objection is rendered moot by the admission of the resident manager for Pembrook that he did in fact have knowledge of the prior accident. A further objection is that the admission of the resident manager can not be attributed to the owner. We reject this contention also. Where one is acting as the alter ego of the corporation, as is the case here, admissions even with reference to a previous transaction ordinarily are admissible in evidence where, again as here, they are made in the course of his official duties and in relation to the particular transaction in controversy. *J. D. Jewell, Inc. v. Hancock,* 226 Ga. 480 (175 SE2d 847); *Baker v. Lowe Electric Co.,* 47 Ga. App. 259 (170 SE 337).

Lastly we conclude that this evidence was admissible for purposes of impeachment of the appellants' witness who denied categorically making the statement attributed to him by appellee's witnesses as to a prior accident in the same place. The prior inconsistent statement of a witness becomes admissible when the witness denies having made the statement. *Pethel v. Waters,* 220 Ga.

543, 553 (140 SE2d 252). We find no error in the admission of this testimony.

4. In enumeration of error 12, appellants complain of the admission of medical records pertaining to the treatment of Ms. Cossaboon. There seems to be little doubt that those records contained certain hearsay and opinions. On the other hand the treating physician testified personally as to the treatment afforded, his opinion as to prognosis and the costs billed to Ms. Cossaboon. Although we may conclude that the admission of certain portions of these medical records was error, nevertheless, there was no error of magnitude to warrant reversal of the jury's verdict. At worst the reports were merely cumulative and any error in admitting them was harmless. *Dunn v. McIntyre,* 146 Ga. App. 362, 364 (246 SE2d 398). Likewise as to enumeration 14, appellants complain that testimony by a doctor that morphine had been administered but not by him amounted to hearsay. However, again we observe that there was no real issue before the jury that Ms. Cossaboon had suffered an injury or pain and suffering as a result thereof. The issue was whether Ms. Cossaboon had been responsible for her own injuries or appellants were the ultimate causative force. Whether the doctor or a nurse administered morphine is so remote from the real issue of the case, that the harmlessness of the admission of the evidence is self evident. See *Weldon v. Howard,* 45 Ga. App. 668 (1) (165 SE 763). These enumerations lack merit.

5. During the course of the plaintiff's (appellee's) case in chief, Ms. Cossaboon offered through the medium of a hypothetical question propounded to an engineer (who, in our opinion, qualified as an expert), whether the maintenance of a grill whose bars ran in the same direction as the flow of traffic created an unsafe condition. A second question sought and obtained the information that the precipitating cause of Ms. Cossaboon's facial and cranial injuries was probably the dropping of the front wheel of her bicycle into the grill, the sudden stopping of the bicycle and the continuation of her body in a forward direction over the handlebars. This latter opinion was given by the expert based upon the application of basic principles of physics. Counsel for appellants objected to these questions on the ground that these were matters going to the ultimate issue (i.e., negligence) and were for the jury and not allowable through the testimony of even an expert witness (enumeration of error 7). Again we disagree with the position assumed by appellants. The questions did not go to the issue of negligence. Ms. Cossaboon legitimately sought to establish whether the grills constituted an apparent unsafe condition. Whether that unsafe condition was the proximate cause of Ms. Cossaboon's injuries; whether acceptance and maintenance by

the shopping center of the grill amounted to negligence; or whether Ms. Cossaboon should have taken care to avoid injury, all remained the ultimate questions for the jury's resolution. The propriety of expert opinion as to whether a particular condition is safe or unsafe certainly is within the scope and purview of an expert's opinion. Atlantic Coast Line R. Co. v. Sweat, 183 F2d 27. Moreover, testimony as to causation is a proper matter for expert testimony. *Mutual Benefit Health & Acc. Assn. v. Hickman,* 100 Ga. App. 348 (111 SE2d 380); *Western & A. R. Co. v. Fowler,* 77 Ga. App. 206 (47 SE2d 874). We find no error in allowing the expert to give the opinions as to which objection was made nor do those answers invade the province of the jury.

6. In enumeration of error 13, appellants argue that Ms. Cossaboon's counsel made improper argument when he informed the jury that appellants had not met their burden of showing Ms. Cossaboon was not entitled to recover because she had not exercised reasonable and necessary care for her own safety. Appellants argue that this amounted to an improper shifting of the burden of proof. We do not agree. The trial court gave proper and adequate instructions as to the burden of proof resting upon the plaintiff (appellee). Appellants in their sixth through ninth defenses alleged that Ms. Cossaboon had failed to exercise necessary care for her own safety and that negligent failure on her part was the sole cause of her injuries. Counsel's argument on behalf of Ms. Cossaboon was directed at and limited to the defendants' (appellants') burden of "going forward" from the prima facie case alleged by plaintiff to have been established. See *Stewart v. Mynatt,* 135 Ga. 637, 638 (2) (70 SE 325). Where the defendant below asserts affirmative defenses, it is not improper to argue that the burden of establishing those defenses lies on the one asserting them. See *Parsons v. Harrison,* 133 Ga. App. 280, 283 (3) (211 SE2d 128). We find no error in the argument of counsel or the action of the trial court in response to appellants' objection thereto.

7. In enumerations of error 15-19, appellants complain of the giving of several of appellee's requested charges. These referred to the status of an invitee; the statutory rights and duties of a bicyclist; admissions of an agent chargeable to his principal; and that disfigurement can be a source of mental pain and suffering. We have considered these enumerations and found each to be legally proper statements of law and correctly adjusted to the evidence. We find no error in the giving of any of the requested charges. There is no merit to any of these enumerations.

8. In their last enumeration, appellants urge on the same grounds as hereinabove discussed, that the trial court erred in

denying their motion for a new trial or in lieu thereof judgment notwithstanding the verdict. For the reasons above stated, we find this last enumeration also to be without merit.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 12, 1981 —
REHEARING DENIED FEBRUARY 26, 1981 —

*Ronald A. Lowry, Eugene P. Chambers, Jr.,* for appellant.
*Douglas T. Noonan, William L. Henderson,* for appellee.