**FIDELITY & DEPOSIT COMPANY OF MARYLAND, Plaintiff,**

v.

**Jimmy D. WILLIAMS, Jr., Defendant.**

**Civ. A. No. 1:88–CV–04–JOF.**

United States District Court,
N.D. Georgia.

Aug. 31, 1988.

_____

Gregory R. Veal, Carolyn Cullen Sylvester, Phillips, Hichey & Reid, Atlanta, Ga., for plaintiff.

**ORDER**

FORRESTER, District Judge.

This matter is before the court on plaintiff's request for entry of default and application for default judgment. Fed.R.Civ.P. 55(a)(b).

**I. DEFAULT.**

Plaintiff's complaint was filed January 4, 1988. On February 9, 1988, plaintiff amended its complaint to add three exhibits referred to in but omitted from the original complaint. The summons, complaint, and amended complaint were subsequently served on defendant February 9, 1988. Return of Service; Affidavit of C. Cullen Sylvester,[1] para. 3. As a consequence, defendant had up to and through February 29,

1. Plaintiff's counsel.

1988 in which to answer or otherwise respond to plaintiff's amended complaint. Fed.R.Civ.P. 12(a). To date, no response to plaintiff's amended complaint has been filed with the court. Accordingly, plaintiff's request for entry of default is GRANTED. Fed.R.Civ.P. 55(b)(2).

## II. DEFAULT JUDGMENT.

### A. *Statement of Facts*

The parties to this action are plaintiff Fidelity & Deposit Company of Maryland, a corporation organized and existing under the laws of the State of Maryland; and defendant Jimmy D. Williams, Jr., a Georgia resident presently an inmate in the Douglas County Jail in Douglasville, Georgia. Complaint, para. 1–2; Return of Service. This court's jurisdiction is premised upon 28 U.S.C. Section 1332.

Plaintiff's complaint alleges the following. On July 1, 1984, plaintiff issued a $10,000 fidelity bond[2] covering defendant in the execution of his duties as secretary-treasurer of the Brotherhood of Locomotive Engineers Division 305, Atlanta, Georgia (hereinafter "the Brotherhood"). The bond, executed in favor of the Brotherhood, was issued for a three-year term between July 1, 1984 and July 1, 1987. Complaint, para. 4. On December 10, 1985, the Brotherhood filed with the plaintiff a proof of loss under the bond alleging that the defendant had "failed to discharge faithfully his duties as secretary-treasurer causing the Brotherhood to sustain a loss in the net amount of $10,828.84." *Id.*, para. 5 and Exhibit A. Specifically, it is alleged that defendant (1) failed to deposit into the Brotherhood's bank account several checks made payable to the Brotherhood, and (2) made numerous, unauthorized withdrawals from the Brotherhood's bank account for his own use. *Id.*, para. 6 and Exhibit A.

After investigation confirming these allegations, plaintiff fulfilled its obligation to the Brotherhood under the bond and issued a check payable to the Brotherhood in the full amount of the bond, $10,000. *Id.*, para. 8 and Exhibit B. In return, the Brotherhood executed in plaintiff's favor a "Release and Assignment" whereby it assigned to plaintiff "any and all rights of action it has against any persons connected with the claim arising out of the acts of [defendant]." *Id.*, para. 9 and Exhibit C. When plaintiff's attempts to arrange reimbursement discussions with defendant were unsuccessful, the present lawsuit was instigated. *Id.*, para. 10.

Plaintiff's complaint is comprised of four alternative counts. Count I alleges defendant's liability to plaintiff "for all losses and damages ... occurred or suffered by reason or in consequence of the bond" under the state law principle of indemnity. *Id.*, para. 11–12. Count II is brought pursuant to the common law principle of subrogation. Under this count, as well as under Count III alleging "statutory subrogation,"[3] it is asserted that "[plaintiff's] rights as the Brotherhood's subrogee entitle [plaintiff] to recover from [defendant] the entire amount paid to the Brotherhood, including all costs associated with and interest from the date of [plaintiff's] payment." *Id.*, para. 14–15, 17–18. Finally, Count IV asserts plaintiff's right as assignee to "the total amount of the Brotherhood's claim and all costs and interest associated with that claim. *Id.*, para. 20–21. As to Counts I, II and III, plaintiff seeks judgment in the amount of $10,000 "plus expenses of claims handling, plus costs and interest." *Id.*, para. 21(b), (c) and (d). As to Count IV, plaintiff seeks judgment in the amount of $10,828.84,[4] "plus costs and interest." *Id.*, para. 21(e).

### B. *Conclusions of Law*

Default judgment is appropriate only if the factual allegations of plaintiff's complaint which are deemed admitted by rea-

---

**2.** This bond is identified as bond number 397 95 00.

**3.** O.C.G.A. Section 10–7–41.

**4.** The Brotherhood's actual damages amounted to this figure. *Id.*, para. 5 and Exhibit A.

Though only $10,000 was paid by plaintiff under the bond, plaintiff was assigned the Brotherhood's rights of action against defendant. *Id.*, para. 9 and Exhibit C.

son of default provide a sufficient legal basis for default judgment. *Nishimatsu Construction Co., Ltd. v. Houston National Bank,* 515 F.2d 1200 (5th Cir.1975). "The defendant is not held to admit facts that are not *well pleaded* or to admit conclusions of law." *Id.* The court must therefore examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to an entry of judgment by default.

### 1. Count IV (assignment of right of action).

■ By its application for default judgment, plaintiff seeks judgment on Count IV of its complaint. As noted previously, this count is brought pursuant to the August 17, 1987 assignment executed by the Brotherhood in favor of plaintiff. By this document, plaintiff was assigned all rights of action of the Brotherhood "against any persons connected with the claim arising out of the acts of [defendant]." Complaint, Exhibit C. In this regard, the court notes first that, under Georgia law, a right of action is assignable "if it involves, directly or indirectly, a right of property." O.C. G.A. Section 44–12–24. However, plaintiff has failed to identify the right of action as between the Brotherhood and defendant to which it claims assignment. This is significant, since the earlier described allegations could support a non-assignable action for fraud, *Hayslip v. Speed Check Company,* 214 Ga. 479, 105 S.E.2d 455 (1958), as well as an assignable action for conversion. *Ricketts v. Liberty Mutual Insurance Company,* 127 Ga.App. 483, 194 S.E.2d 311 (1972). The court declines to choose the legal basis of plaintiff's application for judgment by default.

### 2. Count I (indemnification).

■ Rather than deny plaintiff's application, the court will review the legal sufficiency of the remaining counts of plaintiff's complaint. As mentioned previously, Count I alleges defendant's liability to plaintiff for the amount paid under the bond pursuant to the state law principle of indemnification. Under Georgia law, an action for indemnification is one brought for reimbursement, restitution or compensation. *Parker v. Puckett,* 129 Ga.App. 265, 199 S.E.2d 343 (1973). Such an action is designed to make a party whole from a loss already sustained. *Gamble v. Reeves Transportation Company,* 126 Ga.App. 161, 190 S.E.2d 95 (1972). Though the right to indemnity usually arises from express or implied agreement, it "may likewise arise by operation of law, independently of contract." *Southern Nitrogen Company v. Stevens Shipping Company,* 114 Ga.App. 581, 584, 151 S.E.2d 916 (1966).

> The natural, legal and proximate result of a tort committed by A may be to subject B to legal liability and to a necessity to respond in damages to some third person, say C, and in some such cases B, when subjected to liability by C, may recover from A the amount of the damage which has thus been caused to him.

*Id.* In such cases, the court must determine whether, through the actions of the wrongdoer, there arises in favor of the party seeking indemnification a right of action against the wrongdoer on the theory that the loss, which the party incurred through a third party establishing liability against him on account of the wrongdoer's actions, "can be considered as damages naturally, legally and proximately flowing" from the wrongful acts. *Id.* at 584–85, 151 S.E.2d 916. Put another way, "was [plaintiff] subjected to liability [to the Brotherhood], not for its own immediate wrong, but solely because of the wrong of [defendant]?" *Id.* at 585, 151 S.E.2d 916. The court answers this question in the affirmative.

There can be no doubt that plaintiff's liability to the Brotherhood flowed "naturally, legally and proximately" from defendant's wrongful acts. The fidelity bond which represented plaintiff's liability to the Brotherhood protected the Brotherhood against defendant's failure "to discharge faithfully his duties as secretary-treasurer." Defendant's wrongful acts; i.e., his retention of checks payable to the Brotherhood and his unauthorized withdrawal of the Brotherhood's funds, clearly was a contingency triggering plaintiff's liability to the Brotherhood under the bond. Thus,

the court concludes that defendant's wrongful acts directly created plaintiff's liability to the Brotherhood under the bond and therefore entitles plaintiff to indemnification from defendant.

### III. CONCLUSION.

Plaintiff's request for entry of default is GRANTED. Plaintiff's application for default judgment is DENIED IN PART and GRANTED IN PART. As to Counts II, III and IV, plaintiff's application is DENIED. As to Count I, plaintiff's application is GRANTED. Plaintiff is entitled (1) to indemnification in the amount paid under the fidelity bond, $10,000; (2) to pre-judgment interest incurred from November 24, 1986 at a rate consistent with O.C.G.A. Section 7–4–16; (3) to post-judgment interest incurred from the entry of this order at a rate consistent with 28 U.S.C. § 1961(a); and (4) the costs of this action.

IT IS SO ORDERED.