MOREHEAD *et al. v.* AYERS *et al.,* administrators.

</div>

FISH, C. J. 1. A right of action for injuries arising from fraud can not be assigned. Civil Code (1910), § 3655.

2. The right given by Civil Code (1910), § 4122, to a vendee of land sold by the tract or entire body, where the quantity is specified as "more or less," to have an apportionment of the price for a deficiency in the quantity specified so gross as to justify the suspicion of willful deception, or mistake amounting to fraud, arises only by reason of actual fraud and deception on the part of the vendor (*Montgomery* v. *Robertson,* 134 *Ga.* 66 (67 S. E. 431); *Currie* v. *Collins,* ante, 473 (71 S. E. 798)), which tends to injure or damage the vendee, and therefore, under Civil Code (1910), § 3655, is not assignable by such vendee transferring to the purchaser of the land from him the bond for title given him by his vendor, so as to entitle the transferee of the bond to have the note of his immediate vendor held by the vendor from whom the latter purchased, and given as a part of the purchase-price of the land, credited with the value of the deficiency of land according to the price at which the payee of the note sold it.

3. Under the rulings announced in the preceding headnotes, if for no other reason, the court did not err in sustaining a general demurrer to the petition.　　　　　　　*Judgment affirmed. All the Justices concur.*

<div align="center">JUNE 22, 1911.</div>

Equitable petition.  Before Judge Meadow.  Hart superior court. March 21, 1910.

*A. G. & Julian McCurry* and *W. L. Hodges,* for plaintiffs.

*James H. Skelton,* for defendants.