22809. FEENEY *et al.* *v.* DECATUR DEVELOPING COMPANY.

DECIDED AUGUST 18, 1933.

*Hendrix & Buchanan, Clifford Hendrix,* for plaintiffs in error.
*Weekes & Candler,* contra.

■

354

SUTTON, J. The Decatur Developing Company brought a suit sounding in tort against J. W. and A. W. Feeney, doing business as J. W. Feeney & Son, in which it made substantially this case: The defendants drew several drafts, payable to the Decatur Bank & Trust Company, on certain customers of theirs. At the special instance and request of the defendants the bank advanced and credited to their account with it the amounts of such drafts, with the understanding with the defendants that the sums would be paid to the bank by the consignees of certain shipments of hay, on whom the drafts were drawn; and in each instance the defendants agreed to reimburse the bank in the event the consignees failed or refused to take up the drafts for full value when presented. The consignees refused to honor these drafts, and they were returned to the bank unpaid. In the meantime the defendants had checked out from the bank the sums of such drafts. The defendants did wilfully, fraudulently, and with intent to deceive, sell, bargain, or otherwise dispose of the shipments of hay to the various consignees or to other parties, without the consent of the bank, and did receive the sums therefor, and did not reimburse the bank in any amount, despite the fact that payment thereof was demanded of the defendants by the bank. Thereafter the bank was taken over by the superintendent of banks; and the superintendent, by virtue of an order of the superior court of DeKalb county, transferred to the plaintiff for value all the assets of the bank, including the drafts so drawn by the defendants.

The defendants demurred to the petition as setting forth no cause of action against them, in that the bank could not transfer to the plaintiff a cause of action for fraud. The court overruled the demurrer, and the defendants excepted.

When the consignees of the hay refused to pay the drafts, the title to the hay did not pass to the bank, but remained in the defendants. When the defendants took this hay and disposed of it and pocketed the money received therefor, refusing to pay the money over to the bank, in view of their distinct understanding with the bank that if the consignees did not honor the drafts they would pay the same, the defendants perpetrated a fraud on the bank. For them to dispose of this hay, with no intention of reimbursing the bank, which had advanced them the money thereon upon their representations that they would so reimburse it, was

certainly unconscionable and bad faith. However, the plaintiff in this case acquired by a transfer all of the assets of the bank, upon which this fraud was perpetrated, among which were the drafts in question. It claims that for this reason it is entitled to bring this action for fraud against the defendants. "An action for a tort must, in general, be brought in the name of the person whose legal right has been affected." Civil Code (1910), § 5517. This section, which was codification of the common law, has been modified to some extent by section 3655, which allows certain torts to be assigned, and which is as follows: "A right of action is not assignable if it does not involve, directly or indirectly, a right of property; hence a right of action for personal torts or for injuries arising from fraud to the assignor can not be assigned." In *Morehead* v. *Ayers*, 136 *Ga.* 488 (71 S. E. 798), it was held that "A right of action for injuries arising from fraud can not be assigned." In *Couch* v. *Crane*, 142 *Ga.* 22, 29 (82 S. E. 459), it was held that the plaintiff, "as assignee of her mother, has no right of action against the defendant on account of the fraud alleged to have been practiced on her mother. A right of action for injuries arising from fraud can not be assigned." Neither of these decisions has ever been overruled or even questioned by the Supreme Court. It is true that "A chose in action arising from a tort is assignable where it involves, directly or indirectly, a right of property." *Sullivan* v. *Curling*, 149 *Ga.* 96 (99 S. E. 533, 5 A. L. R. 124). However, as we have seen, in the instant case there was no right of property involved, either directly or indirectly. The fraud was perpetrated upon the bank. It had no title to the hay sold by the defendants, the proceeds of which they wrongfully kept in their pockets, when in good faith they should have turned the same over to the bank to reimburse it. It can not be said that because the money advanced to the defendants was the money and property of the bank, and that as it was defrauded out of this money by the defendants, a right of property was involved, either directly or indirectly. We can hardly conceive of a case of fraud wherein the defrauded persons did not lose something of value by reason of the fraud.

When the affairs of the bank were taken over by the superintendent of banks, and by virtue of the order of court all its assets were transferred to the plaintiff for value, this constituted an assignment of these assets, which included the drafts, to the plain-

tiff. This is not contrary to anything ruled in *Mobley* v. *Hage-. dorn Construction Co.,* 168 *Ga.* 385 (147 S. E. 890). As stated in the beginning, this was a tort action, and not one ex contractu on the drafts in question. It follows that the court erred in overruling the demurrer to the petition.

*Judgment reversed. Jenkins, P. J., concurs.*

STEPHENS, J., dissenting. It appears to me that the bank had no cause of action arising out of any fraud perpetrated by the defendants upon the bank, but that there was a cause of action in the bank arising out of the failure of the defendants to make good the proceeds of the draft which the bank deposited to their credit and which they withdrew from the bank. Whatever cause of action the bank may have had against the defendants, whether it arose ex contractu or ex delicto, involved a right of property, and was therefore assignable. See Civil Code (1910), § 3655; *Information Buying Co.* v. *Morgan,* 39 *Ga. App.* 292 (147 S. E. 128).

Even if the bank's cause of action arose ex delicto and was based on fraud alone, does it not constitute a chose in action which, under the Civil Code (1910), §§ 3647, 3648, constitutes "personalty," and is it not nevertheless assignable under article 7, section 7, of the banking act, which authorizes the sale of all "personal" property of a bank? Does not this section of the banking act contemplate, in order to afford depositors and creditors of the bank the full value of all the bank's assets, that all the bank's assets of every character, including otherwise non-assignable choses in action, are assignable to the purchaser of the assets of the bank which were sold pursuant to this authority contained in the banking act? I am of the opinion that the petition set out a cause of action, and that the court properly overruled the demurrer. I therefore dissent from the judgment of reversal.