**In re Jack Warren PITTARD, Jr., Debtor.**

**Cadlerock Joint Venture, L.P. Plaintiff,**

**v.**

**Jack Warren Pittard, Jr. Defendant.**

**Bankruptcy No. 05–93308–JB.
Adversary No. 05–06394.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Nov. 14, 2006.

---

458

Thomas E. Austin, Jr., Esq., Atlanta, GA, for Plaintiff/Petitioner/Movant.

C. David Butler, Esq., Atlanta, GA, for Defendant/Respondent.

### *ORDER*

JOYCE BIHARY, Bankruptcy Judge.

This adversary proceeding is before the Court on defendant's motions for summary judgment. (Docket Nos. 13 and 19). Defendant argues that he is entitled to a judgment as a matter of law on plaintiff's complaint objecting to the debtor's discharge under 11 U.S.C. § 727(a) and to the dischargeability of a claim for fraud under 11 U.S.C. § 523(a)(2). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I)-(J) (2006). After carefully considering the briefs and affidavits submitted and arguments of counsel, the Court concludes that defendant is entitled to summary judgment on all of plaintiff's claims.

The following material facts are undisputed. In August of 1999, defendant Jack Warren Pittard, Jr. as President of Pittard Machinery Company obtained a $300,000 increase on a line of credit with Merrill Lynch Business Financial Services, Inc. ("Merrill Lynch"). The line of credit was guaranteed by Mr. Pittard. In extending the additional credit, Merrill Lynch requested and Mr. Pittard produced certain financial information regarding Pittard Machinery Company. Pittard Machinery Company defaulted on the loan.

On April 26, 2000, Merrill Lynch filed a lawsuit against Mr. Pittard, Pittard Machinery Company, and others in the Superior Court of Fulton County, Georgia ("Superior Court Action"). On February 6, 2001, the Superior Court entered a "Consent Order and Final Judgment" ("Superior Court Consent Order") consented to by Mr. Pittard, Merrill Lynch, and the other defendants. The Superior Court Consent Order specifically granted Merrill Lynch a judgment against each defendant, including Mr. Pittard, jointly and severally, in the amount of $2,193,576.55 on all counts of Merrill Lynch's amended complaint except Count Eight. Count Eight is labeled as "Count Eight: Fraud," and contains allegations that Mr. Pittard made fraudulent statements and omissions to Merrill Lynch in connection with Pittard Machinery Company's request for the $300,000.00 increase on the line of credit. The relief sought by Merrill Lynch under Count Eight was for actual damages of $351,927.06 and punitive damages. The Superior Court Consent Order did not award Merrill Lynch any judgment on Count Eight, and contained the following language:

> Merrill Lynch shall forbear from prosecuting its claim set forth in Count Eight of Plaintiff's Amended Complaint, alleging that Defendants fraudulently induced Plaintiff to extend credit to Defendants, until such time as Defendant Pittard files personal bankruptcy, in which case Plaintiff may reassert these claims without any defense by Pittard on the basis of limitations, laches, release, res judicata, or other similar defenses. All such defenses are hereby deemed to be and shall be waived by Pittard.

On August 22, 2003, Merrill assigned the judgment it obtained in the Superior Court Action to Cadle Company. On October 22, 2003, Cadle Company assigned the judgment to Cadlerock Joint Venture, L.P.

("Cadlerock"), the named plaintiff in this adversary proceeding.

On May 16, 2005, Mr. Pittard filed a petition under Chapter 7 of the Bankruptcy Code. The deadline for filing a complaint objecting to the debtor's discharge under 11 U.S.C. § 727(a) or the dischargeability of a debt under 11 U.S.C. § 523(a)(2) was August 15, 2005. *See* 11 U.S.C. § 523(c); Fed. R. Bankr.P. 4004(a), 4007(c); *see also* Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines sent to all creditors. The parties requested and obtained from the Court an extension of this deadline until September 15, 2005. On Thursday, September 15, 2005, Cadlerock's counsel electronically filed a copy of the Superior Court Consent Order which he labeled Exhibit "A". Counsel docketed the September 15, 2005 transmission as an adversary proceeding and labeled it "Complaint to Determine Dischargeability of Debt and Object to Discharge." On Friday, September 16, 2005, counsel for plaintiff Cadlerock was informed by Deputy Clerk Irene Wiggins that only the Superior Court Consent Order had successfully been filed with the Court's electronic filing system. On Friday, September 16, 2005, counsel for Cadlerock spoke on the telephone with Mr. Douglas Hassinger, counsel for Mr. Pittard in his related bankruptcy case, regarding the pleading filed on September 15, 2006. On Monday, September 19, 2005, plaintiff filed the Complaint it had intended to file on September 15, 2006, which it labeled as "First Amendment to Complaint to Determine Dischargeability of Debt and Object to Discharge," stating that only Exhibit "A" was filed on September 15, 2005 and attaching a five count complaint objecting to discharge and dischargeability.

Cadlerock's amended complaint filed on Monday, September 19, 2005, is pled in

five counts. In Count I, Cadlerock objects to dischargeability under 11 U.S.C. § 523(a)(2), and the claim is predicated on allegations of fraud and material misrepresentations by Mr. Pittard to Merrill Lynch in connection with the $300,000.00 extension of credit. The remaining three counts are objections to Mr. Pittard's entire discharge under 11 U.S.C. § 727(a). Count II objects to defendant's discharge on the basis of an alleged transfer or concealment of real property located in the Bahamas under 11 U.S.C. § 727(a)(2). Count III objects to defendant's discharge alleging that defendant concealed or failed to keep records for Island Exploration, Inc. a business owned by defendant and his wife, with the intent to hinder, delay or defraud creditors under 11 U.S.C. § 727(a)(3). Count IV objects to defendant's discharge alleging that defendant made a false oath to the court by failing to reveal ownership of the real property in the Bahamas on Schedule A under 11 U.S.C. § 727(a)(4). Count V requests attorney's fees associated with bringing the complaint objecting to discharge and dischargeability.

Defendant seeks summary judgment on plaintiff's claims under 11 U.S.C. § 523(a)(2) on three grounds: that plaintiff's claim under 11 U.S.C. § 523(a)(2) was not timely filed pursuant to Federal Rule of Bankruptcy Procedure 4007(c), that Merrill Lynch's claim for fraud against Mr. Pittard was not assignable to Cadlerock under Georgia law, and that the undisputed facts as a matter of law show Mr. Pittard did not make material misrepresentations of fact to Merrill Lynch. Defendant seeks summary judgment on plaintiff Cadlerock's claims under 11 U.S.C. § 727(a) both on the grounds that Cadlerock's complaint was not timely filed under Federal Rule of Bankruptcy Procedure 4004(a) and that Cadlerock's complaint fails to state a claim upon which relief could be granted.

A court will enter summary judgment only upon a showing that there is no genuine issue as to any material fact and that the moving part is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Courts must review all evidence "in the light most favorable to the nonmoving party." *Samples on Behalf of Samples v. Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). In the instant case, defendant Pittard bears the initial burden of establishing that there is no issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). After the defendant meets this initial burden, the burden shifts to the plaintiff who must go beyond the pleadings and show that an issue of material fact indeed does exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. *Samples*, 846 F.2d at 1330.

### I. The § 523(a)(2) Claim

■ Defendant is entitled to summary judgment on Count I of Cadlerock's amended complaint, because Merrill Lynch's right of action against Mr. Pittard for injuries arising from fraud could not be assigned. Under the common law, assignments of actions were disfavored as contrary to the public policy discouraging litigation. Charles Adams, Georgia Law of Torts § 1–9 (2006) (citing *Marshall v. Means*, 12 Ga. 61, 67, 1852 WL 1387 (1852)). While the Georgia Legislature amended the Georgia Code over time to allow the assignment of certain actions, assignments of rights of actions for injuries arising from fraud to the assignor are not assignable. O.C.G.A. § 44–12–24 (2002); *Couch v. Crane*, 142 Ga. 22, 29, 82

S.E. 459, 463 (1914); *Morehead v. Ayers,* 136 Ga. 488, 71 S.E. 798 (1911); *In re Estate of Sims,* 259 Ga.App. 786, 791, 578 S.E.2d 498, 502 (2003); *Generali–U.S. Branch v. Southeastern Security Insurance Co.,* 229 Ga.App. 277, 282, 493 S.E.2d 731, 735 (1997); *Feeney v. Decatur Developing Co.,* 47 Ga.App. 353, 354–55, 170 S.E. 518, 519 (1933).

O.C.G.A. § 44–12–24 provides as follows: Except for those situations governed by Code Sections 11–2–210 and 11–9–406, a right of action is assignable if it involves, directly or indirectly, a right of property. *A right of action* for personal torts or *for injuries arising from fraud to the assignor may not be assigned.*

(Emphasis added)

▮ Plaintiff Cadlerock received its claim for fraud against Mr. Pittard by an assignment from the Cadle Company which received the claim in turn by an assignment from Merrill Lynch. Count I of plaintiff's amended complaint in this adversary proceeding alleges that Mr. Pittard made fraudulent statements to induce Merrill to extend credit and that the claim for fraud should be nondischargeable. Under O.C.G.A. § 44–12–24, this is a right of action for injuries arising from fraud to Merrill Lynch which could not be assigned to plaintiff Cadlerock. While a judgment based on fraud may be assigned, a right of action for fraud may not. The Superior Court Consent Order assigned to Cadlerock does not contain a judgment based on fraud, as Merrill Lynch's claim for fraud was specifically excepted from the judgment. Paragraph 3 of the Superior Court Consent Order reserved Merrill Lynch's claims for fraud until Mr. Pittard filed personal bankruptcy at which time Merrill Lynch could reassert the claims. Now Cadlerock, not Merrill Lynch, is attempting to bring claims that Mr. Pittard made fraudulent misrepresentations to Merrill Lynch. Under Georgia law, plaintiff Cadlerock has no standing to bring an action based on injuries arising from fraud to Merrill Lynch.

Cadlerock has not cited any authority to support its position that a right of action for fraud giving rise to a § 523(a)(2) dischargeability claim is assignable under Georgia law. The cases cited by Cadlerock in support of its position that the Merrill Lynch fraud claim is assignable are easily distinguishable. In *Lumpkin v. American Surety Co.,* 69 Ga.App. 887, 27 S.E.2d 412 (1943), a teller of the Bank of Rome embezzled money. The Bank of Rome had a bond with American Surety Company and made a call on that bond because the bank's bonded teller stole funds. The teller pled guilty and was sentenced, the surety company paid on the bank's claim, and the surety company sued the teller to recover the stolen money. There, the assignment at issue was the right to recover the stolen property. Such an assignment is permitted in Georgia, as it is a right of action that "involves, directly, or indirectly, a right of property." O.C.G.A. § 44–12–24 (2002). In the case at bar, there is no claim, directly or indirectly, involving a right of property. The claim here is that Mr. Pittard allegedly misrepresented the state of his company's accounts receivable at the time Merrill Lynch made a loan. This is a right of action arising from alleged fraud, not a right to property, and as such, Merrill Lynch's right of action is not assignable under O.C.G.A. § 44–12–24.

*In re Clegg,* 352 B.R. 912 (Bankr. M.D.Ga.2006), cited by Cadlerock, is also inapposite. There, the Court held that the assignee of a pre-petition debt could object to a discharge under § 727 of the Bankruptcy Code even though the assignment occurred post-petition. *Clegg* did not involve any issue as to the assignability of a right of action for fraud, nor did it involve a § 523 objection to dischargeability, and

neither the holding nor the reasoning in the case would allow this § 523(a)(2) claim now asserted by Cadlerock to proceed.

In view of the Court's ruling that Merrill Lynch's fraud claim was not assignable, the Court need not reach defendant's other arguments in favor of a summary judgment on the § 523(a)(2) claim. However, defendant Pittard argued persuasively that no issue of material fact exists showing that any specific misrepresentations were made with respect to his company's accounts receivable. Plaintiff has not been able to locate any evidence to support its general allegations of fraud and has not presented any evidence to support the finding of a fraudulent representation in connection with the $300,000.00 extension of credit in 1999.

## II. The 727(a) Claims

The Court stated detailed findings of fact and conclusions of law orally on the record on October 11, 2006 pursuant to Fed.R.Civ.P. 52(a) and Fed. R. Bankr.P. 7052 with respect to Defendant's motion for summary judgment on the grounds that the § 727(a) claims are time-barred.. In accordance with those detailed findings of fact and conclusions of law, defendant's motion for summary judgment on the claims objecting to debtor's discharge is granted, and Counts II, III, and IV of plaintiff's amended complaint alleging objections to discharge under 11 U.S.C. § 727 are dismissed. Since defendant is entitled to a summary judgment on Counts I, II, III, and IV of plaintiff's amended complaint, Count V, requesting attorney's fees for bringing the complaint, also must be dismissed.

 Defendant is also entitled to summary judgment on Cadlerock's objections to discharge pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6). The gravamen of plaintiff's § 727 objections appear to involve allegations that de-

fendant transferred or concealed ownership of property located in the Bahamas. Defendant has presented evidence with its summary judgment motion that defendant transferred the property in the Bahamas at issue in 1997, some eight years before filing bankruptcy, and thus plaintiff has failed to state a claim under § 727(a)(2). The only allegations under § 727(a)(4) also relate to the Bahamas property, and the facts do not support a finding of a violation under § 727(a)(4). Furthermore, the allegations by Cadlerock that persons other than the debtor kept insufficient records do not state a claim for against Mr. Pittard under 11 U.S.C. § 727(a)(3).

In accordance with the above reasoning, Defendant's motion for summary judgment is GRANTED.